## LISS *v.* WILCOXEN.

| | |
|---|---|
| 2 | 85 |
| 2 | 479 |
| 3 | 200 |
| 3 | 267 |
| 5 | 274 |
| 8 | 355 |
| 2 | 85 |
| 12 | 354 |
| 2 | 85 |
| 14 | 34 |
| 2 | 85 |
| 16a | 459 |

PRACTICE — *motion waived by answer.* In an action of unlawful detainer, a motion to quash the complaint is waived by an answer.

JURISDICTION OF J. P.— *must appear affirmatively.* Where a plaintiff in unlawful detainer relies on a judgment of a justice of the peace to establish his title, the jurisdiction of the justice as to the subject-matter of the suit in which the judgment was rendered must be shown.

*And it is not sufficient* that the judgment appears to be in debt and for an amount of which the justice had jurisdiction.

EVIDENCE — *as to jurisdiction of J. P.* But, if the record does not show that the justice had jurisdiction, the fact may be proved by evidence *aliunde.*

PRACTICE — *as to the order of receiving testimony.* Whether the transcript of the judgment shall be received before or after evidence is given as to the jurisdiction of the justice, rests in the discretion of the court where the cause is tried.

*Exception to judgment —when necessary.* In a cause tried to the court without a jury, if no exception is taken to the judgment the sufficiency of the evidence cannot be questioned in this court.

UNLAWFUL DETAINER — *when it lies.* Under section 3 of the act concerning forcible entry and detainer (R. S. 332), a purchaser of real estate at a sheriff's sale may maintain unlawful detainer against the judgment debtor, and all who stand in the same situation, to recover possession of the premises so purchased.

### *Error to Probate Court, Gilpin County.*

UNLAWFUL detainer in probate court of Gilpin county. Plaintiff in error, who was defendant below, moved to quash the complaint, but as he afterward answered, no question presented by that motion was considered in this court.

At the trial the plaintiff offered the docket of a justice of the peace showing a judgment as follows:

BELLE CABLE *v.* JAMES R. GRANT.

TERRITORY OF COLORADO, ⎱ *ss.:*
  *County of Gilpin.* ⎰

October 12, 1876, summons issued, made returnable on the 18th instant, at 10 A. M., and delivered to A. H. Jones, constable (the service was good), October 18, 1870, at 10 A. M., and now this case came on for trial. Plaintiff appeared by I. N. Wilcoxen, attorney, defendant appeared in person and by John M. Ginn, attorney. After hearing the evidence and argument of attorneys, it is considered by the court that the plaintiff have and recover of the defendant the sum of $170 debt, and the sum of $22.82 costs.

To this the defendant objected that the record does not show jurisdiction in the justice as to the subject-matter, but the court permitted it to be read. Other proceedings before the justice upon the same judgment were given in evidence, and it appeared that the transcript of the judgment had been certified into the district court, and that an execution issued out of that court on said judgment was levied on the property described in the complaint on the 19th day of January, 1871; that on the 11th of February, 1871, the property was sold under that execution to Wilcoxen, the plaintiff below, and that the said Wilcoxen obtained a sheriff's deed for the same. The defendant admitted that he was in possession of the property, and that plaintiff had made demand in writing for the same. The defendant put in evidence a deed from James R. Grant to Daniel Grant, dated November 6, 1869; also a deed from Daniel Grant to defendant, dated February 4, 1871; he also gave evidence tending to prove that James R. Grant occupied the premises before he took possession, and that he, the defendant, had been in possession since the date of the deed to him; thereupon the defendant rested, and the plaintiff, in rebuttal, gave evidence tending to prove that the deed by James R. to Daniel Grant was without considera-

tion, and made with intent to hinder and delay the creditors of him, the said James R., and therefore fraudulent and void under the statute relating to frauds and perjuries.

The plaintiff also gave evidence tending to prove that Liss, the defendant, had notice of the circumstances under which the property was conveyed by James R. to Daniel Grant, and that he held an agreement from the said Daniel by which the purchase-money paid by him was to be refunded by the said Daniel, if the said defendant should be dispossessed of the premises under the sale upon execution issued on the Cable judgment.

The cause was tried to the court without a jury, and the judgment was for plaintiff.

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. I. N. WILCOXEN, in person.

WELLS, J.   1. It is insisted that the court below erred in overruling the motion interposed by the plaintiff in error to quash the complaint.   It is sufficient to say as to this, that by pleading over, the error in this ruling, if any, was waived.

2. It is argued that the court below erred in receiving the transcript of the justice's judgment, through the execution, upon which, out of the district court, the plaintiff below claimed : as ground of objection to this transcript, it is said it nowhere appears thereby that the subject-matter of the action before the justice was within his jurisdiction.   The statute (R. S., ch. L, § 4) requires that the justice shall note upon his docket, " the amount and nature of the debt sued for," which we conceive amounts to a requirement that the nature of the cause of action shall be set forth.   This provision of the statute was not complied with in this instance, so that, in truth, there was nothing to show whether the matter adjudicated before the justice was or was not within his jurisdiction, unless we refer to the circumstance that the judgment was on a sum certain for the plaintiff's debt ; and this, it appears to us, is not entitled to consideration upon the question of jurisdiction.   *Barnes* v. *Holton*, 14 Minn.

358. The question remains, however, whether the jurisdiction of the justice must appear affirmatively by his record, or whether, when nothing there appears, to show the matter adjudicated upon, the omission may be supplemented by proofs *aliunde;* and upon this question, the majority of the court are of the opinion that when the docket is silent, the jurisdiction of the justice may be established by proof as to what in truth was the controversy litigated before him.

It follows from this that the transcript offered in evidence, though not in itself sufficient to establish the jurisdiction of the justice, or the validity of the judgment therein set forth, was admissible, for it rested in the discretion of the court below, to require proof of the jurisdiction in the first instance, or after the transcript of judgment had been received. In the admission of this evidence, therefore, there was no error. It is true that proof of the jurisdiction should have been required, and that none was produced ; but the defendant below omitted to except to judgment, and cannot be heard now to question the sufficiency of the evidence upon which that judgment is based. *Phelps* v. *Spruance*, 1 Col. 414.

3. It was further argued that the action of wrongful detainer does not lie in cases like the present. While it may well be questioned whether the broad language of the section upon which the defendant in error relies (R. S., ch. 35, § 3), reaches to all cases of wrongful detainer of lands (which would be in effect, to supersede with this summary remedy the action of ejectment), we think it cannot be doubted that it includes, at least, that class of cases where privity exists between the parties, and the withholding possession is in violation of an express or implied promise to surrender ; or a duty implied by the law from the relation of the parties ; for example, where the tenant holds over his time, where the vendee, having obtained possession, refuses to proceed with his purchase ; or where the judgment debtor retains possession after the period of redemption has expired, and the sheriff's deed has passed. If the section

referred to does not apply in such cases, it can have no operation whatever.

The present case is analogous to the one last suggested; for the court below has, in effect, found that the conveyance of the judgment debtor, under which plaintiff in error claimed, was fraudulent, and that the plaintiff in error purchased with knowledge of the fraud; he stands, therefore, precisely in the situation of the judgment debtor.

The fourth section of the statute, it is true, appears to have been intended as a qualification of that which precedes; and to afford this action, only in cases where the detainer is not only unlawful, but in bad faith, and without *bona fide* claim of right; and in this case it cannot confidently be said, that the possession of the defendant below is shown to be of this character. But if we admit that no proof of a detainer, in bad faith, was produced, the plaintiff in error is again met by the objection, that no exception to the judgment was reserved; and that therefore the insufficiency of the evidence cannot be assigned for error.

The other errors assigned not having been noticed on the argument, we shall not consider them.

The judgment of the probate court is affirmed, and the defendant in error will recover his costs.

*Affirmed.*