(Decided 16th December, 1886.)

---

SALLIE S. HAGER, Executrix of ANDREW H. HAGER *vs.* W. ABRAHAMS AND J. E. COCHRAN, trading as COCHRAN & Co.

*Entry of Suit to Use of Third party by Direction of Plaintiff's Attorneys.*

Where a pending suit is, by the direction of the plaintiff's attorneys, entered to the use of a third party, the law will presume, in the absence of proof to the contrary, that the entry was made by the direction and authority of the plaintiff.

APPEAL from the Circuit Court for Washington County.

The case was submitted to the Court below for trial, and judgment was rendered for the plaintiffs. The defendant appealed. The case is further stated in the opinion of this Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Alexander Armstrong,* and *Norman B. Scott, Jr.,* for the appellant.

*Albert Small,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The question in this appeal is a narrow one. The suit was brought in the name of Cochran & Co., against the appellant as executrix of Andrew H. Hager. Pending the suit, it was, by the direction of plaintiff's attorney, entered to the use of Albert Small; and as thus entered, judgment was taken by default for a proportion of assets. Upon this judgment a *scire facias* was issued, to which the defendant pleaded *nul tiel record.* At the trial the plaintiff offered in evidence the original record, to the admissibility of which the defendant objected on the ground, that an attorney cannot assign a suit or judgment to a third party. Whether an attorney can enter a suit or judgment to the use of a stranger, without the authority of the plaintiff, is a question which we shall not now stop to consider. The plaintiff is not here denying the authority of his attorney to enter the suit to the use of the appellee, the objection is one made by the defendant. This being so we take it to be well settled that in the absence of proof to the contrary, the law will presume the entry to have been made by the direction and authority of the plaintiff. *Spiker vs. Nydegger,* 30 *Md.,* 315; *McAleer vs. Young, et al.,* 40 *Md.,* 439.

In thus disposing of this exception, we are not to be understood as deciding that the objection relied on by the appellant is one which could be made under the plea of *nul tiel record.*

Such a plea raises but one question, and that is whether there is such a record, as that set out in the writ.   And this question is one to be determined by the Court, upon an inspection and examination of the record itself.   6 *Com. Dig. Pleas,* 2 *W.,* 39; *Vin. Abr., Title Debt, X, pl.* 3; *Dick vs. Tolhausen,* 4 *H. & N.,* 695; *Stephen on Pleading,* 130 *n.*

*Judgment affirmed.*

(Decided 16th December, 1886.)