# Coleman *v.* Pike County.

*Action against Sureties on Official Bond of County Treasurer.*

1. *Payments in county warrants, as between tax-collector and county treasurer.*—Although the tax-collector may have no authority to receive county warrants in payment of taxes, and the county treasurer no authority to receive them from him; yet, if they are so received and used, and the treasurer is allowed a credit for the amount of the warrants, on settlement of his accounts, his sureties can not complain that they were received without authority; and the presumption will be

[Coleman v. Pike County.]

indulged, that the warrants so received were payable in the order of registration, and were taken to avoid circuity of payment.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought in the name of Pike County, against W. T. Coleman and others, as sureties on the official bond of J. F. Tyler, deceased, as county treasurer of said county; and was commenced on the 6th September, 1886. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a written instrument given by said Tyler to one Gibson, the tax-collector of the county, in these words: "*I. O. U.* four hundred and nineteen dollars, November 28, 1885;" which was signed, "J. F. Tyler, C. T." The admission of this paper as evidence against the defendants, and the ruling of the court as to their liability in reference to it, are the principal matters now assigned as error. The case was before this court at the last term, and is reported in 83 Ala. 326-31.

GARDNER & WILEY, and M. N. CARLISLE, for appellant.

PARKS & SON, *contra.*

CLOPTON, J.—When this case was before us on a former appeal, the record stated, that the paper for four hundred and nineteen dollars, which was introduced in evidence by plaintiff, was given by the county treasurer for county taxes collected by him as agent of the collector. The present record shows, that it was given for warrants against the county, which the collector had received in payment of taxes. In making the settlement with the county treasurer for the month of November, 1885, he ascertained that he had taken warrants to such amount from the tax-payers, that he did not have enough currency to pay the State its proportion of the taxes. He took sufficient money out of the November collections to settle with the State for that month, and turned over to the treasurer the excess of warrants, for which he gave the paper referred to, to be accounted for on the next settlement. It is insisted, that the sureties on the official bond of the treasurer are not chargeable with the amount of the warrants, on the ground that the collector had no authority to receive them from the tax-payers in payment of taxes, and that the treasurer was equally without authority to receive them from the collector. This may be

[Flack v. Andrews.]

conceded; still it does not follow that the treasurer should not be debited with the amount of the warrants, in ascertaining the sum of his defalcation.   It appears that he received credit for all the warrants in his possession at the time of his death.   Having these warrants in his possession, if not debited with, and receives credit for them, he would receive a credit without being charged with the amount of the county taxes in payment of which he took them.   The treasurer is the custodian of the county funds, empowered to disburse them in the manner prescribed by law, independent of the control of the county officials.   It is his duty to pay the claims against the county, in the order of presentment and registration.   The presumption is, that he discharged his duty, and that the warrants, which he received from the collector, were payable according to the order of registration, and that he took them for the taxes to prevent circuity of payment.   Having received and retained them as a valid payment by the collector of so much of the county taxes, he will not be allowed to assert that he has not done his duty, and that he received them without authority of law.—*Robbins v. Governor*, 6 Ala. 839.

We do not perceive the relevancy of the evidence, offered by the defendants, to show that Hilliard acted as county treasurer after the death of the treasurer, until the appointment of his successor, and that on a settlement with the county commissioners, he paid four thousand dollars received by him during the time he was so acting.   It does not tend to prove or disprove the liability of the sureties, or its amount, and has no connection whatever with the official transactions of the deceased treasurer.

The other questions raised by the record were settled adversely to appellants on the former appeal.—83 Ala. 326.

Affirmed.