[No. 4191.]

MILLER ET AL. V. O'BRIEN ET AL.

1. JUDGMENT—*Form of.* The docket of a Justice of the Peace after giving the title of the cause the issuance, service, and return of the summons, the appearance of the parties, and trial, proceeded as follows, "the court finds for plaintiff and gives judgment for plaintiff in the sum of $30.00 and costs." *Held* good in form. The omission to state the amount of the demand in the docket entry was held not fatal to the jurisdiction. (513, 514.)

2. —— *Of Inferior Court—Jurisdiction Presumed.* One assailing the judgment of a justice has the burden of proof as to the lack of jurisdiction. (515.)

*Error to Denver District Court.* HON. H. P. BURKE, Judge.

Mr. JOHN HIPP Mr. W. W. WHITE, for plaintiffs in error.

Mr. PHILO B. TOLLES, Mr. THOMAS D. COBBEY, for defendants in error.

HURLBUT, J., rendered the opinion of the court.

The amended complaint in this action was filed April 4, 1913, (the record nowhere showing when the suit was begun). The defendants in error were plaintiffs below, and there recovered judgment against defendants Hipp, Royer, Heck, Youd, Turner and Miller.

The suit is one in equity, to annul a certain judgment of a justice of the peace, rendered July 6, 1909, by Ed. R. Mor-

ris, then justice of the peace, in favor of John Hipp plaintiff, against Eliza A. O'Brien and George F. Bennett, defendants; and to secure a decree declaring void the sheriff's levy, sale, certificate of purchase of real property, and deed, founded upon said judgment; as well as to declare void sundry deeds and incumbrances affecting and transferring the title thereto subsequent to said sale.

It is admitted by the record that soon after November 1, 1908, plaintiff George F. Bennett became the owner of the premises in issue and held the legal title thereto at the time of said levy and sale; that on or about July 16, 1909, the sheriff levied on the property under execution founded upon said judgment, and thereafter sold the same at public auction to the judgment creditor John Hipp, on the 9th day of August, 1909, and issued to him a certificate of purchase for the land sold, and afterwards executed and delivered a sheriff's deed therefor.

It is admitted in the answer that on July 6, 1909, the judgment of the justice of the peace aforesaid was rendered. But it is alleged that it was never paid; that no appeal was ever taken therefrom; that under the provisions of sec. 3758, Revised Statutes, 1908, a transcript of said judgment was lodged with the clerk of the District Court within and for the City and County of Denver, and execution thereafter issued thereon, out of said District Court, and placed in the hands of the sheriff, who levied the same upon the property in issue and sold it at public sale to satisfy the judgment; and that defendant Miller deraigns his title to the premises in issue through sundry mesne conveyances from the sheriff's deed aforesaid, his deed therefor being dated August 4, 1910.

As one of their defenses defendants alleged that on December 14, 1910, the District Court of the City and County of Denver, in a cause therein pending, to-wit, No. 50075, wherein said Miller was plaintiff, and said O'Brien and Bennett were defendants, rendered judgment in favor of plain-

tiff, against defendants, for the possession of the disputed premises in issue here; that the same issues involved in that case were involved in the case at bar; and fully pleaded the judgmnt last referred to in bar of the present action, and as being *res judicata* concerning all issues raised and presented in the case at bar. This defense was put in issue by the replication, and plaintiffs contend there is no proof of this defense in the record.

A careful review of the bill of exceptions fails to disclose that the defense of *res judicata* was supported by any proper proof. Neither the judgment nor the pleadings in that case was offered in evidence for the purpose of establishing that plea. Something denominated "the files in case No. 50075" was offered for another purpose, but upon objection was not admitted. The so-called files were not identified. The judgment roll in that case was not admitted in evidence, nor is there anything to show that it was offered.

We will now consider the status of the judgment of Justice of the Peace Morris, and the rulings of the District Court relative thereto. The trial court found that due and legal service of summons was had on defendants in that case, but that no valid entry of said judgment had ever been made; and rendered judgment to the effect that the execution issued thereon out of the District Court, the levy and sale thereunder by the sheriff, the certificate of purchase executed by him, and all mesne conveyances, from said sheriff's deed down to and including the deed to Miller, for the contested premises, be cancelled and held for naught.

The record entry of said justice's proceedings and judgment reads as follows:

"Paid by the plaintiff $3.00. John Hipp vs. Eliza A. O'Brien and George F. Bennett. June 29th, 1909, summons issued and delivered to constable John F. Giles, returnable July 6th, 1909, at 2 o'clock p. m. June 29th, 1909, summons returned endorsed 'Due service by deliving a copy to Eliza A. O'Brien, defendant. Service on George F. Bennett, by

leaving a copy with Eliza A. O'Brien,' and signed by John F. Giles, Constable. July 6th, 1909, case comes on for trial; parties appearing. Testimony introduced, and the court after being fully advised in the premises, finds for the plaintiff, and gives judgment for the plaintiff in the sum of Thirty Dollars and costs. And it is hereby ordered that execution issue. Ed. R. Morris, J. P."

It is claimed by plaintiff that this entry in form is not a judgment, is not properly worded or signed, to constitute a judgment, and contains inherent defects rendering it void. While there are some authorities tending to support this contention, there is a strong line of authorities the other way. We are of the opinion that the said judgment contains sufficient necessary recitals to constitute a good judgment as to form. *Deadrick v. Harrington*, Book 7, Fed. Cases, No. 3694b; Freeman on Judgments, secs. 51-53 (4th ed.); I Black on Judgments, secs. 114, 115 (2nd ed.); *Parker v. Swan*, 1 Humph. (Tenn.), 80, 34 Am. Dec., 619; *Kase v. Best*, 15 Pa., 101, 53 Am. Dec., 573; *Overall v. Pero*, 7 Mich., 315; *Minkhart v. Hankler*, 19 Ill., 47; *Johnson v. Gillett*, 52 Ill., 358; *Vangeazel v. Hillyard*, 1 Houston (Del.), 515; *Flack v. Andrews*, 86 Ala., 393, 5 So., 452; *Alvord v. McGaughey*, 5 Colo., 244; *Hagerman v. Moore*, 2 Colo. App., 83, 29 Pac., 1014.

The further contention is made that the evidence affirmatively shows a lack of jurisdiction of the justice of the peace to render the judgment assailed. We do not agree with that contention. It is based entirely upon the record entry of the justice's proceedings hereinbefore set out, which fails to state the amount of the demand made by the plaintiff in that case. There is no evidence *aliunde* said record as to the amount of the demand. It is argued by plaintiff that, because the record is silent as to the amount of the demand, want of jurisdiction must be presumed, and the judgment for that reason be declared void. Such is the ruling in some of the states, but that question is not *res nova*

in this jurisdiction. In *Liss v. Wilcoxen*, 2 Colo., 85, it was held that if the transcript of the justice's docket is not sufficient of itself to establish the jurisdiction of the justice, and thereby the validity of the judgment, the omission may be supplemented by proof *aliunde,* which of course could not be done if the omission of itself rendered the judgment void for want of jurisdiction. In the instant case the burden of proof was upon the plaintiff to establish the invalidity of said judgment, and the mere silence of the docket entry, as to the amount of the demand, was not sufficient to support that burden of proof as to the lack of jurisdiction. The plaintiff was not seeking to enforce the judgment, but to defeat it. 23 Cyc., 994; *Eichhoff v. Eichhoff,* 107 Cal., 42, 40 Pac., 24, 48 Am. St., 110.

For the reasons given the judgment is reversed, and the cause remanded for further proceedings. The former opinion is withdrawn and this opinion substituted therefor.

*Reversed and Remanded.*

Decided July 6, A. D. 1915. Rehearing denied July 23, A. D. 1915.