### No. 8722.

#### O'BRIEN ET AL. *v*. MILLER ET AL.

1. JUSTICE OF THE PEACE—*Judgment—Presumptions.* No presumption is indulged in favor of the judgment of a justice. Jurisdiction must affirmatively appear.
2. —— *Docket.* Under Rev. Stat. sec. 3892, the docket of a justice must in every case show the amount and nature of the plaintiff's demand. The judgment will not be referred to, to supply the omission of the required statement.
3. —— *Evidence Aliunde,* may supply the omission.
4. —— *Burden of Proof,* is upon the one claiming under the judgment.

*Error to the Court of Appeals.*

*En banc.*

Messrs. TOLLES & COBBEY, for plaintiffs in error.
Mr. JOHN HIPP, Mr. W. W. WHITE, Mr. N. W. DIXON, for defendants in error.

Opinion by Mr. Justice Teller.

PLAINTIFFS in error had judgment in the District Court in a suit to cancel a judgment in the court of a justice of

peace, and to set aside several deeds of conveyance following a sale on execution under said judgment. This judgment was reversed by the Court of Appeals, and we are now to determine as to the correctness of that judgment. The court considered three propositions presented on that review. First, that the action was barred by a former judgment between the parties; the court found that the plea was not sustained by evidence. Second, that the judgment in the justice court was defective in form. Third, that the evidence in the cause affirmatively shows a lack of jurisdiction of the justice of peace to render the judgment. On both of these propositions the court found against the present plaintiffs in error. *Miller v. O'Brien,* 27 Colo. App. 511, 150 Pac. 327.

We can not agree with the conclusions of the Court of Appeals on the third proposition. The contention thus disposed of was that the docket of the justice of peace did not comply with the provision of the statute—Sec. 3892, R. S. 1908—which requires that an entry be made of "the amount and nature of the debt sued for." The record of the justice court, as shown in evidence, states nothing as to the amount of the demand, or nature of the debt, and there is nothing in the record showing how much was claimed by the plaintiff. The statement required by the statute is not supplied by reference to the amount of the judgment. This is expressly ruled in *Liss v. Wilcoxen,* 2 Colo. 85. That case also holds that an omission from the docket of a justice of peace of matters necessary to confer jurisdiction may be supplied by proof *aliunde.* The fact that it might be so supplied is given as a reason by the Court of Appeals for sustaining the jurisdiction of the justice court, it being assumed that the supplying of the omission was the duty of the plaintiffs below. Clearly such is not the case. The record of a justice court is *prima facie* evidence of what occurred, but there are no presumptions in favor of the judgment, and the matters showing jurisdiction must affirmatively appear. "Nothing shall be intended to be within the jurisdiction of an inferior court

but that which is expressly alleged." *Downing v. Florer,* 4 Colo. 209. In *Liss v. Wilcoxen,* supra, it was held that the requirement that the amount and nature of the debt be stated in the record was jurisdictional, and, further, that a transcript of the docket not showing the amount and nature of the debt did not establish the jurisdiction of the justice court.

When, therefore, the plaintiffs below introduced in evidence a transcript of the justice docket, not showing all the matters required to confer jurisdiction, a *prima facie* case was made that the court had no jurisdiction. It was for the defendants then, if they could, to supply the omission, and make it affirmatively appear that the court had jurisdiction. Having failed so to do, the *prima facie* case made by plaintiffs was not overcome, and the plaintiffs were entitled to judgment.

Some of the members of the court are of the opinion that the Court of Appeals erred in holding the judgment good in form, but, as the judgment ·must be reversed on the ground last mentioned, no opinion is expressed on that ruling.

The judgment of the Court of Appeals is accordingly reversed and the cause remanded to the District Court, whose judgment is affirmed.

*Judgment Reversed.*

Mr. Justice Bailey, Mr. Justice Garrigues and Mr. Justice White dissent.

GARRIGUES, J., *Dissenting.*

I can not agree with the majority opinion. O'Brien and others, as plaintiffs, brought an equitable suit to have declared void a justice judgment, .and a deed based thereon cancelled.

In the Wilcoxen case cited in the majority opinion, Liss was in posession, and Wilcoxen brought an unlawful detainer suit to obtain possession, upon a deed based upon a justice judgment. At the trial Wilcoxen introduced the justice docket as the basis of his deed and right of posses-

sion. Liss objected to the docket being introduced in evidence, because the amount and nature of the debt sued for was not noted thereon, which objection was overruled, and the admission of the docket in evidence was assigned as error. We held it was not error to admit the docket in evidence, because the judgment was not void upon its face on account of such omission; that the docket being silent on account of the omitted matter, the omission could be supplied by proof *aliunde.* Wilcoxen brought the suit to oust the party in possession, and of course had the burden of proof, therefore it was up to him to supply affirmatively the omission.

In the instant case it was the defendant, not plaintiff, who held the deed, and plaintiff brought the suit, not to sustain, but to have the judgment declared void, and the deed cancelled. Plaintiff seeks affirmatively to destroy the judgment and the deed based thereon, not to uphold them. To do so, plaintiff introduced in evidence the justice docket, which omitted to show the amount and nature of the debt sued for, and claims that made his case. But that did not destroy the judgment, without affirmative proof *aliunde* showing that the amount and nature of the debt sued for was not within the jurisdiction of the justice, and plaintiff, though he had the burden, failed to supply such proof. He claims, after he introduced the docket, that the burden was upon defendant to prove affirmatively the omitted matter giving the justice jurisdiction. The omissions in the docket raise no presumption that the judgment was void. Plaintiff had the burden of proving it was void, and merely introducing the docket, showing the omission and nothing more, did not supply the proof. Plaintiff was not seeking, like Wilcoxen, to enforce the judgment, but was seeking affirmatively as plaintiff to destroy it, therefore the burden was upon him to do more than merely introduce the docket. He had to prove the matters which would destroy the judgment. Wilcoxen, by bringing the suit to oust Liss, assumed the burden of sustaining the deed by supplying the jurisdictional matters omitted. In the instant case, plaintiff by

bringing suit was seeking affirmatively to destroy the deed, and the burden of proof was upon him to show that the nature and amount of the debt sued for was not within the jurisdiction of the court. He had to supply proof of the omitted matter which would destroy the judgment.

I am authorized to state that Mr. Justice White concurs in this view.

Decided July 2, A. D. 1917. Rehearing denied February 4, A. D. 1918.