## No. 9469.

### PERKINS *v.* PETERSON ET AL.

1. PLEADING—*Construction.* The character of a pleading is to be determined not from the title given to it by the party, but from its allegations.

2. JUDGMENT—*Petition to Revive.* A plea of "no valid judgment" is equivalent to the common law plea of *nul tiel record,* and is a proper plea in a proceeding to revive a judgment.

Such plea is determined by the court, upon mere inspection of the record.

3. *Upon False or Insufficient Reason,* is sustained, if in itself correct.

4. *Construed.* Petitioner to revive a judgment rendered by a justice of the peace, a transcript of which had been filed in the District Court. Plea of *nul tiel record* sustained, and judgment that plaintiff take nothing &c. Held a final judgment. An execution subsequently issued was quashed, and this judgment was affirmed.

5. JUSTICE OF THE PEACE—*Judgment—Essentials—Presumptions.* Under Rev. Stat. sec. 3734 every judgment of a justice of the peace must be attested by his signature. A transcript in the District Court of the docket of the justice, not bearing his signature to the judgment, is a nullity, though he certifies to the correctness of the transcript.

No presumptions indulged in favor of the judgment of a justice of the peace.

*Error to La Plata District Court, Hon. W. N. Searcy, Judge.*

*En banc.*

Messrs. PERKINS & PERKINS, for plaintiff in error.

Messrs. RITTER & BUCHANAN, for defendants in error.

Burke, J.

NOVEMBER 5, 1897, one Thomas Mulligan obtained, in justice court, an alleged judgment against one Peter Peterson, for the principal sum of $80, and costs.

January 10, 1898, a transcript thereof was recorded in the District Court of La Plata County.

In 1912 plaintiff in error, to whom said judgment had been assigned, brought an action in the District Court of La Plata County to revive it, to which defendant in error filed a pleading, called a demurrer, alleging, among other things, that the judgment was void. This so-called demurrer was sustained by the court (Hon. Charles A. Pike, Judge), and time was given the plaintiff Perkins to further plead.

March 13, 1913, Judge Pike's term of office having expired, the matter came on before his successor, Hon. W. N. Searcy, for further action. The time given plaintiff having then expired, plaintiff announced his election to stand on his petition, whereupon final judgment was entered, that the plaintiff "take nothing herein upon the issues herein, and that said defendant have and recover judgment for his costs." Upon what ground this ruling was based the record does not disclose. The transcript of the judgment, as recorded in the District Court, contains the signature of the Justice to the certificate of its correctness, but shows no such signature to the judgment itself.

July 21, 1917, an execution was issued out of the District Court on this alleged judgment and School District No. 9 garnisheed thereunder. The district answered that it owed Peterson $115.50.

July 30, 1917, Peterson filed his motion to recall and cancel the execution for the reasons, among others, that the original judgment was void; that no transcript thereof was filed in the District Court as required by law; and that the alleged judgment had been theretofore adjudicated by the District Court to be null and void.

November 20, 1917, a hearing was had and testimony taken. Among other things there was admitted in evidence, without objection, the original docket entries of the Justice of the Peace in the cause in question, showing the filing of plaintiff's claim, the issuance and return of summons, the hearing, and the alleged judgment, which appeared under the date of November 5, 1897. No signature of the Justice

appeared thereto.   Succeeding entries recited the issuance of execution under date of November 8, 1897, and the "transcript to Dist. Court," under date of January 10, 1898, which latter was followed by the signature of the Justice.

November 22, 1917 (the cause having been theretofore taken under advisement by the court), judgment was entered sustaining defendant's motion, recalling and cancelling the execution, discharging the garnishee, and holding the original judgment, upon which the execution was issued, to be null and void; and finding that the right of plaintiff to execution thereon had theretofore been adjudicated, and the said judgment theretofore held to be void, and directing the clerk of the court to so treat the same, and thereafter to issue no execution or other process thereon.

Motion for rehearing having been filed and denied, this cause is now before us for review on error.

Mr. Justice Burke delivered the opinion of the court.

It is argued that the so-called demurrer, filed in the action of revivor, could not be considered by the court because no such pleading in such an action is authorized by statute. In so far as this pleading raised the question of the validity of the judgment, it was an answer, not a demurrer. The character of the pleading is to be determined, not from the title given it, but always from its allegations. *McDougald v. Hulet,* 132 Cal. 154, 64 Pac. 278-280; *Tutty v. Ryan et al.,* 13 Wyo. 134, 78 Pac. 657-658.

The ground upon which the court based its ruling on this pleading is immaterial.   If the record before us sufficiently establishes the correctness of the judgment, it must be sustained.   The plea, in the so-called demurrer, of no valid judgment, was equivalent to a plea of *nul tiel record,* a proper plea in an action to revive a judgment. *Frankel v. Satterfield,* 9 Houst. (Del.) 201, 19 Atl. 898.   Such a plea is to be determined by the court upon inspection of the record. *Hager v. Cochran,* 66 Md. 253, 7 Atl. 462.

We must assume that in determining this question the court did inspect the record. Upon so doing he must have discovered that the judgment of the Justice was unsigned.

"It shall be the duty of Justices of the Peace, and they are hereby required, to render judgment in any cause or causes before them pending, within four days after such cause or causes shall have been submitted for final decision, and to cause such judgment to be entered in their dockets, and to attest the same with their signatures." Sec. 3734, Rev. St. 1908.

Where the statute requires the signature of the Justice to the judgment, such signature is essential to its validity. *Ringle v. Weston,* 23 Ind. 588; *Howard v. People,* 3 Mich. 207.

There are no presumptions in favor of the judgment of a Justice of the Peace. *O'Brien et al. v. Miller et al.,* 64 Colo. 43, 170 Pac. 183.

The transcript in the District Court of an alleged judgment of a Justice of the Peace, without the signature of the Justice, establishes nothing. All presumptions in favor of its validity and regularity, when so transcribed, arise by reason of the signature of the Justice. Without that signature the mere transcript in the District Court is a nullity.

Furthermore, by the entry of the judgment of March 13, 1913, and the failure of the plaintiff to have that judgment reviewed, the matter became *res adjudicata.* The court had jurisdiction of the parties and the subject matter. The defense set out in the so-called demurrer, i. e., that the judgment sought to be reviewed was void, was, if established, a good defense. The court held it to have been established and that judgment, remaining unmodified, became *res adjudicata,* irrespective of the correctness of the determination.

Other questions are raised, including one of Constitutional law, which it becomes unnecessary to consider.

For the reasons hereinbefore given the judgment is affirmed.