## No. 14,922.

## FERRIER v. MORRIS, SHERIFF ET AL.
(122 P. [2d] 880)

Decided February 16, 1942.

Mr. CHARLES W.. V.. FEIGEL, for plaintiff in error.

Mr. LEWIS D. MOWRY, for defendant in error Jones.

*In Department.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS is an action to cancel a judgment entered in the district court on a justice court transcript, to recall the

execution thereon and to enjoin its enforcement. The trial court sustained demurrers to the complaint and entered judgment dismissing the same and for costs. Plaintiff, electing to stand on his complaint, is here seeking reversal.

The facts, gleaned from the complaint, and sufficient for our consideration in disposing of the error assigned on the trial court's action in sustaining the demurrers, are as follows: Prior to June 11, 1940, William C. Jones, defendant in error, brought an action against William A. Ferrier and his wife before Justice of the Peace Archie Major in Jefferson county, Colorado. On said date, on motion of Ferrier for a change of venue, the case was transferred to Stephen Higgs, a justice of the peace in the same county. The case was set for trial June 18, 1940, at which time all parties appeared with their counsel. Counsel for the Ferriers, appearing specially, filed a motion challenging the jurisdiction of the justice of the peace, on the ground of illegal service of summons. Proof in support thereof was declined by said justice, whereupon the Ferriers and their counsel withdrew from the court. Thereafter, on motion of counsel for Jones, the action as against Mrs. Ferrier was dismissed, and default and judgment were entered against plaintiff in error for the amount stated in the summons, namely, $300 and costs. It does not appear from the transcript that any evidence was presented before the justice of the peace which would support the judgment, nor does the transcript show that the judgment was signed by the justice. As filed with the clerk of the district court, it does not show due certification, or any certification. November 9, 1940, Willis Morris, defendant in error, as sheriff of Jefferson county, by virtue of an alleged fi fa on the transcript above mentioned, caused to be entered of record in the office of the county clerk and recorder of Jefferson county a notice of levy on certain described real estate located in said county, of which plaintiff in error is the owner.

Plaintiff in error contends: (1) That a justice court transcript of judgment does not become a judgment in the district court unless the same is duly certified; (2) unless it is signed by the justice of the peace; (3) that the judgment of the justice of the peace is a nullity if it affirmatively appears that it was entered without proof, such entry thereof being expressly prohibited by statute; (4) that the burden is upon one claiming under a justice court judgment to show its validity by transcript or proof aliunde; (5) that appeal to the county court is not an adequate remedy.

██ ██ No presumption is indulged in favor of the judgment of a justice of the peace. *O'Brien v. Miller,* 64 Colo. 43, 170 Pac. 183; *Perkins v. Peterson,* 67 Colo. 101, 185 Pac. 660. Statutes prescribing the duties of justices of the peace must be strictly construed. *Citizens Industrial Bank v. Lindsley,* 99 Colo. 236, 61 P. (2d) 587. "A void judgment is worthless for any purpose, and can be directly attacked at any time when the party obtaining the same seeks to derive some advantage from it." *Stubbs v. McGillis,* 44 Colo. 138, 96 Pac. 1005.

██ 1. The complaint, inter alia, states: "The alleged transcript is and was not 'duly certified' by the said justice or certified as a transcript at all." Section 254 of our Code of Civil Procedure provides in part: "A transcript of any judgment rendered by any justice of the peace, *duly certified by such justice,* may be filed with the clerk of the district court of the county in which said judgment was rendered, and thereupon the clerk shall make entries thereof in the register of actions and in the judgment docket, and may therefor issue execution for the collection thereof within such county, the same as if such judgment had been rendered by such district court; * * * ." The certification is mandatory, and if the transcript upon which the district court judgment is based fails to show certification as provided by such section, the judgment is void.

158

■ 2. The complaint shows an unsigned judgment which, prima facie, establishes the fact that the judgment is a nullity, and a transcript of the same filed in the district court establishes nothing. *Perkins v. Peterson, supra.*

■ 3. It sufficiently appears from the purported transcript set out in the complaint that a default judgment was entered against Ferrier without proof, which procedure is expressly prohibited by section 25, chapter 96, '35 C.S.A., and a judgment so entered "is a fraud and a sham." *McMillan v. Forsythe,* 47 Utah 571, 583, 154 Pac. 959, 963. Assuming the truth of the allegations of the complaint, the judgment of the justice was invalid.

■ 4. The complaint alleges sufficient facts to show prima facie the invalidity of the judgment. The burden, therefore, is upon defendant, as one claiming under it, to establish its validity. *O'Brien v. Miller, supra; Hamill v. Ferrier,* 8 Colo. App. 266, 45 Pac. 522. It was error to sustain the demurrers to the complaint.

■ 5. The only reasons urged by defendant for sustaining the judgment are, that plaintiff had an adequate remedy at law by appeal to the county court under section 141, chapter 96, '35 C.S.A., and his failure to allege a meritorious defense in his complaint to the cause of action set up in the justice of the peace court. The remedy by appeal to the county court was not adequate to permit plaintiff to take advantage of a void judgment, because, in the event of appeal, this would have been waived under the provisions of section 149, chapter 96, '35 C.S.A., and he could not have availed himself thereof. See, authorities there cited. True, in filing a motion for change of venue before Justice of the Peace Major, plaintiff in error made a general appearance (35 C.J., p. 584, §162), which waived all objections to the jurisdiction of the justice over his person; but we here are concerned with irregularities which occurred after the general appearance of Ferrier, and his withdrawal from the case, which, under the allegations

in the complaint, resulted in a void judgment. These allegations, if sustained by proof, are sufficient, together with other averments in the complaint, to show that in good conscience and equity plaintiff is entitled to the relief for which he asks.

Relative to the failure of plaintiff in error to set up a meritorious defense to the alleged cause of action, the complaint did aver: "Plaintiff denies that said Jones had any demand against him for $300 or any other amount; that he is unable to set forth facts constituting a meritorious defense to the said demand for the reason that the said Jones has never advised him of the nature or ground of his claim; that he can obtain no sufficient information on which to base a belief in respect thereto." This allegation that plaintiff in error denies that "Jones had any demands against him for $300 or any other amount" is a sufficient statement of a meritorious defense to the original justice court action. 31 Am. Jur., p. 261, §706. This averment, of course, is subject to the allegations of any answer which defendant may file which will present an issue. The complaint alleges facts sufficient to state a cause of action.

The judgment is reversed and the cause remanded with directions to reinstate the complaint.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD concur.