No. 20398.

ROBERT EUGENE CHANCELLOR *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(393 P.2d 7)

Decided June 15, 1964.

Mr. JACK C. HOWE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. HICKEY, Deputy, Mrs. AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, was summoned to appear before a justice of the peace in Adams County on a charge of speeding at the rate of sixty miles per hour on a public highway over an area where the maximum posted speed had been set by the highway department at forty-five miles per hour.

Authority for reducing the speed limit where circumstances warrant such action is placed in the state department of highways under the provisions of C.R.S. '53, 13-4-33 (4) where we find the following:

"Whenever the state department of highways shall determine upon the basis of an engineering and traffic investigation that any prima facie speed hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway, said department shall determine and declare a reasonable and safe prima facie speed limit thereat which shall be effective when appropriate signs giving notice thereof are erected at such intersection or other place or part of the highway."

Defendant was summoned to appear August 10, 1961, and upon his request trial of the case was continued to August 30, 1961. In some manner which is not disclosed by the record before us, the case was again continued to October 25, 1961. In later proceedings before the county court defendant asserted that the first notice which he had with reference to the last mentioned continuance was a telephone call on August 29 in which a woman advised him that the case had been continued to October 25.

On the date last mentioned defendant argued a motion to dismiss the action, which had theretofore been filed before the justice of the peace, based on the contention that under the provisions of C.R.S. '53, 79-2-3, the justice of the peace was without jurisdiction. Said statute provides in pertinent part as follows:

"Whenever a justice of the peace before whom an action is pending, is unable, on account of sickness or absence from the county, to attend at the time and place fixed for the trial before such justice, the next nearest justice of the peace within the county, at his request, may attend at the time and place fixed for the trial and continue the cause to some other day, which shall not be more than ten days; * * * "

It is the contention of the defendant that the continuance from August 30 to October 25 under the circumstances above set forth violated the foregoing provisions. The justice of the peace denied the motion and proceeded to trial and entered judgment that the defendant was guilty as charged and imposed a penalty as provided by the statute. Thereupon defendant caused an appeal to be taken to the county court of Adams County where a trial de novo was had. In the county court another motion to dismiss was filed based upon the claimed unlawful continuance of the case from August 30, 1961, to October 25, 1961, in the proceedings before the justice of the peace. This motion was denied by the county court and defendant was found guilty and assessed a fine of $25.00. The case is here on writ of error to review that judgment.

■ The first question which requires determination is whether the county court had jurisdiction over the person of defendant. We think it sufficient to direct attention to Colorado Justice Manual published by Henry C. Allen in 1910 in which at Section 339 thereof we find the following:

" * * * It seems to be uniformly held that not only by making a general appearance in the county court,

such as waiving a jury and permitting a witness to be sworn, but also by the mere fact of taking an appeal, or even by filing his appeal bond, the defendant waives all right to question the jurisdiction of the county court over his person, based on the objection that the process was insufficient to get him properly before the justice."

This statement of the rule is supported by the following decisions of this court: *Colorado Cent. R. Co. v. Caldwell*, 11 Colo. 545, 19 Pac. 542; *Stephens v. Wheeler, et al.*, 60 Colo. 351, 153 Pac. 444; and *Ferrier v. Morris, Sheriff, et al.*, 109 Colo. 154, 122 P.2d 880.

■ It is also argued as grounds for reversal of the judgment that there was insufficient evidence to establish the statutory requirement that the highway department had determined "upon the basis of an engineering and traffic investigation that any prima facie speed hereinabove set forth is greater or less than is reasonable or safe under the conditions found to exist * * * " at the place where the alleged offense occurred.

Suffice it to say that we have examined the evidence and find no merit in this contention. The judgment accordingly is affirmed.

MR. JUSTICE DAY not participating.