## ROGER P. SPIKER *vs.* LEWIS NYDEGGER.

*A witness may use Written Memoranda made by himself to Refresh his recollection of facts about which he is called to testify—Action by an Assignee in his own name—Money collected by a Constable may be recovered in Assumpsit— Sufficiency of Parol authority to assign Claims—Presumption from the Entry of a Judgment to the Use of a party.*

In an action against a party to recover sundry claims placed in his hands for collection, and upon which he had obtained judgments before a justice of the peace, the justice testified, (the executions on four of said judgments not being produced at the trial,) that the entry " made and satisfied " on his docket in each of said four judgments, was made by himself, from information communicated by the defendant; but that independent and apart from the entries aforesaid on his docket, he had no knowledge or recollection of the admission by the defendant, that he had collected these four judgments. HELD:

That while the entries themselves were not admissible, as evidence, they could be used by the witness for the purpose of refreshing his recollection as to the admissions of the defendant, and the parol testimony was proper to go to the jury to charge the defendant.

Claims placed in the hands of a constable for collection and receipted for by him as such, and which he collected, may be recovered from him by the assignee of said claims in an action of *assumpsit,* in his own name for money had and received.

An owner of claims may by parol, authorize another to assign them in writing.

The entry of a judgment to the use of a party, implies, in the absence of any proof to the contrary, that it has been legally assigned to him.

APPEAL from the Circuit Court for Allegany County.

This was an action of *assumpsit* brought by the appellee to recover from the appellant certain money alleged to have been collected by him, as constable, on claims placed in his hands by one Christian Nydegger. Christian Nydegger and

William F. Nydegger, held as payees different notes, for different sums of money due from various parties; on the 16th of April, 1858, Christian, for himself, and as agent of William, delivered these notes for collection according to law, to the appellant, who was then a constable in Allegany county. On these notes the appellant brought suits before Singleton L. Townshend, a Justice of the Peace, and recovered judgments thereon.

On the 5th of June, 1863, Christian Nydegger, for himself, and as agent of William, by his writing on the backs of true copies of these judgments, certified under the hand and seal of Justice Townshend, assigned for value received, all their interest in said judgments or claims, and the interests, costs, &c., due thereon, to the appellee. The declaration contained a special count, and a count for money had and received. The defendant first pleaded "payment," and "not indebted;" he afterwards filed the following additional pleas:

1st. That he never promised as alleged. 2d. That the claims were not assigned as alleged. 3d. That he was not constable as alleged. 4th. Limitations. 5th. That the various debtors were insolvent, and that none of the moneys could be collected. 6th. That he never received the claims nor collected the money. 7th. Payment.

At the trial below, the following exceptions were taken by the defendant:

*First Exception.*—The plaintiff offered in evidence sundry original judgments, which had been recovered on notes placed in the hands of the defendant for collection, by Christian Nydegger; these judgments appeared on the docket of Singleton H. Townshend, a former Justice of the Peace, the same having been returned to the clerk of the county by said Townshend, on the expiration of his term of office. The executions on four of said judgments were not produced at the trial; and the defendant proved by a deputy clerk that he had carefully examined the papers and executions returned by Townshend, to the clerk's office of the county, and had

not been able to find amongst said papers and executions, any execution or executions issued on said four judgments, or either of them, and that he was satisfied that no such executions were to be found in the clerk's office; the defendant also proved by Townshend, that on the expiration of his term of office, he returned to the clerk of the county, all papers, executions, &c., in his hands as a justice of the peace, at that time; but that he had no recollection of having returned the executions on these particular judgments. The plaintiff then offered to prove by said Townshend, that the entry "made and satisfied" on his docket, in each of said four judgments, was made by him from the return by the defendant, endorsed on each of said unproduced executions, or from his order, and that he knew they must have been so made, or they would not be found there, and that the defendant generally made his returns by reading them off to the witness, who entered them on his docket as he read them off; the witness on cross-examination further stated that he had no knowledge or recollection of the admission by the defendant, that he collected these four judgments independent and apart from the entries "made and satisfied" on his docket. The defendant thereupon objected to the admissibility of said entries and of the testimony thereto, so far as the same might go to charge him with the collection and receipt of said judgments. The Court (PEARRE, J.,) excluded the entries, but permitted the parol testimony to go to the jury to charge the defendant, and permitted the witness to use the entries for the purpose of refreshing his recollection as to the admissions of the defendant. To this ruling of the Court, the defendant excepted.

*Second Exception.*—The plaintiff offered in evidence a judgment of *Christian Nydegger vs. James B. Powell,* and the execution thereon to Thomas Moore, constable, and an entry on the docket "returned, made and satisfied to R. P. Spiker," and then offered to prove by Townshend, that Spiker received the amount of said judgment from Moore, and that the witness knew it, because it was so entered on his docket—that if

it were not so, the entry to that effect would not be there; but that he knew nothing about the matter apart from the entry, and did not recollect that Spiker admitted he received the money from Moore, or directed him to make the entry, but would not have made it unless Spiker had admitted he had received the money. The defendant objected to this testimony to charge him with the money collected by Moore, but the Court admitted it, excluding the entry of Townshend, except for the purpose of refreshing his recollection as to the admissions of the defendant. To this ruling the defendant excepted.

*Third Exception.*—The plaintiff offered in evidence the assignments by Christian Nydegger, for himself, and as agent of William, endorsed upon copies of the judgments, taken from the docket of Townshend, and certified under his hand and seal; and proved by Christian Nydegger, that the assignments in his name were made by him, as also the assignments in the name of William, he, Christian, having verbal authority to make them. The plaintiff further offered in evidence the three bonds of the defendant, as constable, dated respectively, January 10th, 1857, 4th December, 1857, and the 3d of December, 1859, and proved that he acted as constable during the time covered by them.

The defendant then offered the following prayers:

1st. If the jury shall find that the defendant was constable, duly elected and qualified, when the claims in controversy were placed in his hands, and that the same were placed in his hands as constable for collection, and that he had executed the two bonds as constable, offered in evidence by the plaintiff, then the plaintiff is not entitled to recover under the pleadings and evidence in the cause.

2d. That there is no legal evidence in the cause of the assignment of the claims of William F. Nydegger, to the plaintiff, and he cannot recover for the same.

3d. That the constable's receipt and the claims offered in evidence by the plaintiff, do not entitle him to maintain this

action in his own name, even if the jury shall believe that the defendant collected the money on said claims.

4th. That there is not sufficient evidence in the cause of the assignment of any of the claims sought to be recovered.

5th. That there is no legal evidence in the cause of the assignment of the judgment in favor of F. Berg, use of C. Nydegger, to the plaintiff, and he cannot recover for said claim, in this action.

The Court rejected these prayers; but in rejecting the third prayer, instructed the jury that the plaintiff could not recover in his own name on the first count, but might recover on the second, if they found that the defendant received money on said claims and held it at the time of the bringing of this suit, to the extent of the money so held, and if they find that said claims were assigned to the plaintiff.

To this ruling and instruction the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller, Alvey and Robinson, J.

*William Walsh,* for the appellant.

*R. Chew Jones* and *J. H. Gordon,* for the appellee.

Stewart, J., delivered the opinion of the Court.

The first and second exceptions refer to the admissibility of Townshend's testimony.

In the first the witness in substance testified, that as to the four executions, the originals of which were not produced, he had made "the entries" himself, from information communicated by the appellant. The subject of enquiry was not as to the legal effect of the returns of the officer. No matter what the character of the "entries," if from an examination of them the witness was enabled to testify that the appellant admitted that he had received the money, his testimony could not pro-

perly be excluded, although independent of the "entries" he had no distinct recollection of the fact.

The second exception presents substantially the same question, and the ruling below in this, as well as the first exception, is strictly within the decision of this Court, in *Martin vs. Good,* 14 *Md.,* 409, 410; *Green vs. Caulk,* 16 *Md.,* 572.

In the third exception the appellant complains of the rejection of the five prayers offered by him; and the instruction of the Court in the rejection of the third prayer. By the first prayer the appellant insists that he is not liable, if the evidence establishes the fact that the claims of the appellee were placed in his hands, as constable, for collection. If the appellant had collected the claims, and held the money of the appellee at the institution of this suit, we are not aware of any law to protect him from paying it over to the appellee, or to bar its recovery from him in this form of action. Holding moneys of the appellee in his hands, which *ex æquo et bono* he ought to pay over, the law will create an *assumpsit* on his part to pay the appellee. *Vrooman vs. McKaig,* 4 *Md.,* 454. The fact that the appellee may have another remedy against him, on his bond as an officer, for not discharging his duty as such officer, does not preclude him from his election to recover in this form of action for money had and received. Nor could the Court below properly grant the second prayer. The claims of W. F. Nydegger were assigned in writing to the appellee, by C. Nydegger for W. F. Nydegger, and C. Nydegger proved that he had verbal authority from W. F. Nydegger to make such assignment. Such authority was sufficient, if proved, and W. F. Nydegger could authorize another, by parol, to assign the claims belonging to him; and payment by the appellant to the assignee, would estop him from recovery from the appellant. The third prayer of the appellant was properly rejected, and there was no error in the Court's instruction to the jury, on the question involved in that prayer.

Spiker vs. Nydegger.

Whether the appellee could maintain the action in his own name for the recovery of the money on the claims collected by the appellant, depended upon the fact of their assignment to the appellee, and the collection of the money by the appellant, and that was a matter to be ascertained by the jury. If there were any evidence upon the subject, the Court was not authorized to withdraw the determination thereof from the jury.   There was evidence to go to the jury as to the assignment to the appellee and the collection of the money, and to which no objection had been made by the appellant.

The original holder of the claims having parted with the possession and assigned them as described by the evidence, if the jury so believed, his interest became transferred to the appellee.   The claims were transferred, and the suit instituted for the recovery of the money collected by the appellant, and the appellee's right of recovery grew out of the collection of the money, and was only dependant upon the assignment so far as the appellant had collected the money.

It would be giving a very narrow construction to the law, authorizing assignees to sue in their own names, and not justified by the spirit or letter of the same, to confine its operation to a single assignment—the language, "signed by the person authorized to make the same," has a much more liberal and enlarged interpretation, and embraces any number of assignments, and assignments by persons having parol authority, if the assignments themselves be in writing.   The peculiar language employed negatives the construction contended for by the appellant, and very clearly has a much wider range.

Whether the whole or any part of the claims of the appellee was barred by the appellant's fourth plea of limitation, was a question to be determined by the jury from all the evidence.

For reasons already stated in disposing of the second and third prayers, the Court could not grant the fourth prayer.

The judgment of F. Berg, use of C. Nydegger, referred to in the fifth prayer, belonged to the said C. Nydegger, by intend-

21                    v. 30

ment, from the entry for his use on the docket, and in the absence of any proof to the contrary, must be presumed to have been legally assigned to him, and for the reasons already advanced could be assigned by him to the appellee.

There is, therefore, no error in the refusal to grant the fifth prayer.

*Judgment affirmed.*