(73 Misc. Rep. 178.)

### In re LOWE et al.

(Surrogate's Court, Erie County. July, 1911.)

**WILLS (§ 565*)—CONSTRUCTION.**

    A mother bequeathed to her daughter a printing office and bindery with presses, paper, office furniture, "and equipment of every nature connected with said business." *Held*, that money which testatrix had deposited in banks, goods manufactured and ready for delivery, and moneys due testatrix out of the business did not pass, but liabilities of testatrix in carrying on the business were not chargeable upon the bequest, but were payable out of the residuary estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1233–1238; Dec. Dig. § 565.*]

In the matter of the judicial settlement of the account of Nathan J. Lowe and another, executors. Decree rendered.

John E. Selkirk, for accounting executors.

Shire & Jellinek, for Helen C. Springer.

Potter & Potter and Simon Fleischmann, for residuary legatees and devisees.

HART, S. The testatrix, Sarah J. Clement, died in October, 1908, leaving a will, which has been admitted to probate. By it she bequeathed to her daughter, Helen C. Springer, "my printing office and bindery, together with all the presses, binding machinery, type, paper on hand, office furniture and equipment of every nature connected with said business." She also bequeathed to said daughter all household furniture, books, pictures, jewelry, horses, carriages, stable equipment, the use for life of the dwelling 605 West Ferry street, Buffalo, N. Y., and the sum of $5,000; and, after several small bequests to various other persons, she devised and bequeathed all the rest, residue, and remainder of her estate, real and personal, to her nephew, John Davidson, her nieces, Eola Davidson, Minnie Hawkins, Henrietta Lowe, and her great niece, Eleanor Hawkins, share and share alike. She further provided, in case of the decease of any of said residuary legatees before her, as to the disposition of the interest of such legatee; but all of said legatees survived her and are living.

The testatrix left an estate of about $150,000, consisting of money in bank, mortgages, real estate, accounts and bills receivable, and the printing and binding business which she was carrying on at the time of her death. She was carrying on this business under the name of J. W. Clement Printing House, and there was at the time of her death undergoing delivery certain manufactured merchandise, some of which had been delivered and some of which was then ready for delivery, consisting of printed books and printed matter, printed for customers under contracts amounting to about $11,000. Of this there had been completed, at the time of decedent's death, a portion, amounting to $6,796.74, which was thereafter collected by the executors. There was also a small amount on deposit in a Buffalo bank upon open account, under the business name; also on deposit in other banks funds

---

amounting to about $7,000 in decedent's individual name; and there was due to decedent upon open accounts and bills receivable about $15,000, all of which, with the exception of about $3,000, have been collected.

It is claimed on behalf of Mrs. Springer that the words, "my printing office and bindery, together with all the presses, binding machinery, type, paper on hand, office furniture and equipment of every nature connected with said business," carry with them the money which testatrix had deposited in banks, also the goods manufactured and ready for delivery, as well as all the moneys owing her on the bills and accounts receivable, above mentioned; while it is claimed on behalf of the residuary legatees that all such stock, money in bank, and accounts and bills receivable form part of the residuary estate.

David L. Johnston, one of the executors, has prepared and filed an intermediate account, wherein all of the above-mentioned property is treated as belonging to Mrs. Springer under the above-mentioned clause of the will. Objections to this account have been filed by the residuary legatees, raising the question now to be determined as to whether the clauses of the will, above referred to, carry the property in question to Mrs. Springer or to the residuary legatees. The printing and bindery business was founded by J. W. Clement, the husband of the testatrix, who predeceased her several years, and the business was continued by her until her death; and undoubtedly the bulk of the property and estate left by Mrs. Clement had been accumulated out of the receipts and profits of said business. The accounts and bills receivable amounted to less than $15,000, and there was owing by testatrix, at the time of her death, about $7,000, which liability had been incurred by her in the conduct of said business.

It is to be noted that, after the enumeration of the various properties bequeathed to Mrs. Springer, the testatrix also bequeathed to her, in the same clause, the sum of $5,000; and it may well be said that such amount was given to provide working capital for the business, though this assumption is not necessary in arriving at a decision of the question involved. Money on hand, book accounts, and manufactured goods are nowhere mentioned or referred to in the will; but, on the other hand, the will does specifically mention presses, machinery, type, paper on hand, etc., all of which are necessary in the conduct of a printing business and bindery.

I am of the opinion that none of the items in dispute pass to Mrs. Springer under this will, and are not fairly embraced within the language employed in the bequests to her, which language is entirely clear, but that such items form part of the residuary estate, and that the indebtedness owing by decedent, at the time of her death, in connection with said printing business, is also payable out of the residuary estate. The will was drawn with great care and detail, and the language used calls for no enlargement. The testatrix must be presumed to have known that there were, at all times, accounts payable and accounts receivable, as well as manufactured goods on hand; and, had she intended to bequeath these to her daughter, she could easily have expressed her intention so to do.

Provisions similar to those in this will have been passed upon by the courts in many instances, among which the following may be cited:

In Matter of Delaney, 133 App. Div. 409, 117 N. Y. Supp. 838, testatrix, whose property consisted of three houses, and a small amount of personalty kept in her dwelling house, devised one house to each of her three nieces, and gave all of her personal property, of whatsoever sort, in her dwelling to one of the nieces; and it was held that money deposited in banks and represented by pass books kept in said dwelling did not pass to said niece.

In Matter of Reynolds, 7 N. Y. St. Rep. 725, it was held that a devise and bequest of all lands and appurtenances, and all furniture and personal property in and upon the same, did not apply to money and evidence of debt, the well-recognized principle applied being that, where a will contained a residuary clause, words in prior clauses are not to be given an enlarged meaning.

The above case was affirmed in 124 N. Y. 388, 26 N. E. 954, and the Court of Appeals held that the language employed did not carry with it money and securities in a vault found upon the premises devised.

In Matter of Long Island Loan & Trust Co., 92 App. Div. 5, 87 N. Y. Supp. 318, a bequest was made by an attorney of "all my law business, law books, papers, safe, bookcases and office furniture, and all property pertaining to my business," under which the beneficiary contended that debts for legal services, owing decedent at the time of his death, passed to him. This claim, however, was not sustained, the court saying that it was impossible for the legatee successfully to claim these accounts, except on the theory that it was a devise by implication, and that a gift by implication must be so apparent that the contrary cannot be supposed to exist. The court further said that there was nothing to indicate a reason for any purpose in the mind of the testator to devise choses in action by language which described choses in possession.

Among other authorities in this and other states, holding to the same effect as those above cited, the following may be cited: Hunter v. Crook, 93 Miss. 812, 47 South. 430; Strong v. White, 19 Conn. 238; Appeal Tax Court of Baltimore City v. St. Peter's Academy, 50 Md. 321; People v. St. Louis R. R. Co., 176 Ill. 512, 52 N. E. 292, 35 L. R. A. 656; Ludwig v. Bungart, 33 Misc. Rep. 177, 67 N. Y. Supp. 177; Fenton v. Fenton, 35 Misc. Rep. 480, 71 N. Y. Supp. 1083; Bradhurst v. Field, 135 N. Y. 564, 32 N. E. 113; Brown v. Quintard, 177 N. Y. 84, 69 N. E. 225.

The parties contesting the executor's account raised some other minor questions, which can be disposed of by me upon the findings to be made and the decree to be entered; and proposed findings and a decree may be submitted for settlement, in accordance with the views above expressed, upon the questions considered in this opinion, and as to other contentions as claimed by the respective parties.

Decreed accordingly.