EAST VEDADO CORPORATION *v.* E. S. ADKINS & COMPANY.

[No. 25, April Term, 1929.]

*Decided May 23rd, 1929.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Benjamin A. Johnson,* with whom were *Long & Johnson* and *Twyman & McCarthy* on the brief, for the appellant.

*F. Leonard Wailes,* with whom were *Wailes & Robins* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The case comes up on a demurrer to a declaration, in a suit by a vendor of real property against the vendee's assignee of the contracts of sale. There was an original and an amending contract, both in writing. And the question is whether the assignee was under any liability to his vendor's vendor for the amount of the contract price.

The allegations are substantially these: By the contracts, the East Vedado Corporation agreed to sell to the Miller-Wight Realty Company, Incorporated, certain land in the State of Florida for $3,100, of which $100 was to be paid before the signing of the contracts, $500 upon execution and delivery of the contracts, and $2,500 in semi-annual instalments. Notes were given by the Miller-Wight Company for the instalments. There was a provision for forfeiture, at the option of the vendor, of any rights of the vendee, and an acceleration of maturity of all unpaid amounts upon default. And another provision in terms made the contracts obligatory upon the vendee's assigns. The vendee sold to E. S. Adkins & Company, the appellee, by a contract in writing; and in this contract it was stated that part of the consideration of the assignment was an assumption by the

assignee, Adkins & Company, of all sums due or to become due on the contract with the East Vedado Corporation. The East Vedado Corporation was not a party to the contract of assignment, and did not then enter into any agreement to receive the money from Adkins & Company. Negotiations were opened directly between the East Vedado Corporation and the assignee, however, in an effort by Adkins & Company to gain extensions of time for payments. A letter from an agent of the East Vedado Corporation, under date of October 18th, 1926, urged that the interest payments be made promptly and the principal obligation reduced somewhat, as an evidence of good faith, upon which, it was added, a six months' extension of the remainder of the principal obligation was assured. To this Adkins & Company replied, by letter: "We have decided to accept the proposition you make in yours of October 18th and will make this payment shortly after January 1st." In further correspondence the East Vedado Corporation urged payments and discussed suit in the first instance on the notes of the original vendee, and assertion of their rights as vendor otherwise. On February 25th, 1927, Adkins & Company asked for an extension of the offer for prompt settlement to May 1st, and added: "We will on that date promptly send you check for the amount and ask you to have deed ready for delivery." This request was agreed to by the East Vedado Corporation, and Adkins & Company reiterated their promise to send a check in payment for the property on May 1st. But, the declaration concludes, Adkins & Company paid only one note, due April 1st, 1926, and has made no further payments; and that by reason of the defaults the whole of the aggregate sum of the notes remaining unpaid has been declared due and payable. The trial court sustained the demurrer to the declaration, and the plaintiff has appealed.

The suit is not brought on the original vendee's notes, but on a supposed personal liability of the assignee. And in the opinion of this court such a liability would exist on the facts alleged. It is true that the covenant for payment of the purchase price of land does not follow the land into the hands of

an assignee of the vendee, so that he would be under a liability to his vendor's vendor, merely by virtue of his having bought the property. The authorities hold, "that a liability of this kind can result only from some express or implied contract of the assignee, and that it will not be implied from the mere assignment of the original contract even though followed by possession of the land." 2 *Warvelle, Vendors and Purchasers,* sec. 902; 42 *Harvard Law Review,* 941; *Champion v. Brown,* 6 Johns. Ch. 398, 402; *Midland County Bank v. Prouty Co.,* 158 Mich. 656; *Lisenby v. Newton,* 120 Cal. 571. But here there are allegations of a clear assumption of personal liability by the second vendee, in a promise to pay based upon a consideration moving to him. We need only refer to the allegations that Adkins & Company, being under an obligation to assume and pay the amounts to become due, asked for and received extensions of time by the East Vedado Corporation upon a clear promise to pay the East Vedado Corporation directly. While it may be true that there was no novation, upon these allegations, because there was no release of the first vendee, there is no need of a novation to give rise to a personal obligation on the second vendee. There might be two co-existing obligations for the same debt. Compare *Mailhouse v. Frazier,* 25 Md. 96; review of decisions in note *L. R. A.* 1918B 113. The demurrer should, in our opinion, have been overruled.

> *Judgment reversed and case remanded, with costs to the appellant.*