## DOUGLAS W. CHATTERLEY ET AL. *v.* SAFE DEPOSIT & TRUST COMPANY

[No. 27, April Term, 1935.]

*Decided May 22nd, 1935.*

The cause was argued before URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John J. Neubauer,* for the appellants.

*John Harwood Stanford,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a deficiency decree passed November 8th, 1934, by the Circuit Court of Baltimore City in favor of appellee, mortgagee, against appellants, mortgagors. From the testimony and certain facts which the parties have agreed should form a part of the record, it appears that on October 7th, 1925, appellants executed a mortgage, which was in the usual and customary form then in use in Baltimore City, to appellee, upon certain property in Baltimore, to secure the sum of $10,000, payable within three years, bearing interest at 5½ per cent. The mortgagors, on July 31st, 1926, conveyed the property so mortgaged to Frederick R. Peddicord and Mabel S. Peddicord, his wife, by a deed in which the mortgage was referred to as follows: "Subject to the legal operation and effect of a certain mortgage for $10,000 from the said Grantors to the Safe Deposit & Trust Company of Baltimore, dated October 7th, 1925, and recorded among the Land Records of Baltimore City in Liber S. C. L. No. 4467, folio 586," etc.

Peddicord and wife on February 4th, 1927, conveyed the same property to Edward A. Strauff and wife, and the latter on May 15th, 1933, conveyed the property to Charles M. Perrigoy and wife. In none of the deeds except the first was there any mention of the mortgage. Moreover, notwithstanding the Chatterley deed was to Peddicord and wife and the deed from the latter to Strauff and

wife was dated about six months later, the sale of the property was in fact made by the Chatterleys to the Strauffs and the Peddicords had no interest whatever in the transaction, both the Peddicord and Strauff deeds having been executed simultaneously. Before the conveyance from Chatterley and wife, which, as noted, was in effect to Strauff and wife, Mr. Chatterley, one of the mortgagors, discussed the sale of the property with the real estate officer of appellee, and requested the mortgagee's consent to a sale to Strauff and wife, with the result that the officer agreed to give an answer within a few days, since he desired to look into the matter. Subsequently, Chatterley was informed by this representative that it would be satisfactory to convey to Strauff and wife subject to the mortgage. This conversation took place with the same official of the appellee through whom the Chatterleys had first secured the mortgage loan. After the sale the Chatterleys received a notice of six months interest which was due on October 7th, 1926, which they immediately took to appellee's cashier with the explanation that the property had been sold, and this officer took the notice and they at no time thereafter received any further notice of interest, and no notice whatever concerning the mortgage until Febuary 10th, 1934, when they were notified by letter from appellee's counsel that the latter had been appointed trustee to foreclose the mortgage in question, and they would be liable for any deficiency which might result from a sale of the property at a sum insufficient to cover the mortgage claim. At the time of the execution of the deed by the Chatterleys for the property, the first mortgage of $10,000 was deducted in a settlement memorandum, along with a second mortgage, additional interest, and other expenses. The mortgage by its terms matured on October 7th, 1928, yet no interest thereon was paid by the Chatterleys after April 7th, 1928, but the same was thereafter collected from Strauff and wife by appellee. Shortly after the maturity of the mortgage, an agreement was made between appellee and Strauff and wife of the following tenor:

"Baltimore, Maryland, November 28, 1928.

"It is hereby understood and agreed between the undersigned that the time for the payment of the $10,000 mortgage debt of Douglas W. Chatterley and Julia B. Chatterley, his wife, secured by mortgage on 614 W. Fortieth Street, Roland Park, in fee, as set forth in said mortgage dated October 7, 1925, and recorded among the Land Records of Baltimore City in Liber S. C. L. No. 4467, folio 586, is hereby extended for a period of two years from October 7, 1928, the said sum to bear interest at the rate of 5½% per annum, payable semi-annually, all the terms, covenants, conditions, rights and remedies in said mortgage contained to remain in full force and effect.

"Safe Deposit & Trust Company of Baltimore,
"By Albert C. Strobel, Real Estate Officer.
"Edw. A. Strauff                    [Seal].
"Loretta P. Strauff                [Seal]."

Again, on January 28th, 1931, the parties entered into a further agreement in all respects similar to the one above quoted, except that the time for payment of the mortgage was extended for three years from October 7th, 1930. Appellee makes the contention that the Strauffs did not assume payment of the mortgage, but in our judgment this is not sustained by the facts appearing in the record. However, notwithstanding such assumption, it does not follow that this would discharge the mortgagors, who by reason thereof had become sureties, since there could have been two coexisting obligations for the same debt. See *East Vedado Corporation v. Adkins & Co.*, 157 Md. 416, 419, 146 A. 385.

Ordinarily, the two extension agreements made, as they unquestionably were, without the concurrence of the appellants (mortgagors) would as to them operate as a complete discharge from liability on account of the mortgage debt (*Jones on Mortgages*, vol. 2, Sec. 742), but it

is claimed that in this case they have no such effect because the record does not show that such agreements were based upon a valid consideration. In the view we take of the case, it becomes unnecessary to decide this question, since we are of the opinion that the original mortgagors (appellants) were released by reason of a novation. This arose by virtue of the agreement between appellants and Strauff and wife whereby the latter, with the knowledge and consent of appellee, agreed to pay the mortgage indebtedness, and were thereupon accepted by appellee as its debtors. This conclusion becomes all the more apparent when we consider the dealings of all the parties in relation to the mortgage debt, for their conduct becomes unexplainable upon any other rational basis. *Am. L. Inst. Restatement Contracts,* vol. 2, sec. 425; *Jones on Mortgages,* vol. 2, sec. 741; *Brantley on Contracts* (2nd Ed.) sec. 175; *Anson on Contracts* (Am. Ed.) sec. 355.

*Decree reversed, with costs to appellants.*