**GREAT AMERICAN TRADING CORPORATION, Plaintiff–Appellant,**

v.

**I.C.P. COCOA, INC.; ABC Food Ingredients, Inc.; and Milford Bonner, Defendants–Appellees.**

**I.C.P. COCOA, INC., Plaintiff–Appellee,**

v.

**GREAT AMERICAN TRADING CORPORATION, Defendant–Appellant,**

**American Beverage And Supply Corporation et al., Garnishees.**

**Nos. 79–2489, 79–2490.**

United States Court of Appeals, Seventh Circuit.

Argued June 10, 1980.

Decided Sept. 23, 1980.

Richard Brown, Indianapolis, Ind., for Great American Trading Corp.

Norman Rowe, Indianapolis, Ind., for I.C.P. Cocoa, Inc.

Before CUMMINGS and BAUER, Circuit Judges, and CROWLEY, District Judge.*

BAUER, Circuit Judge.

These consolidated appeals arise from a contractual dispute between Great American Trading Corporation (GATC) and I.C.P. Cocoa, Inc. (ICP), concerning the sale of cocoa powder to GATC by ICP. In Appeal No. 79–2489, GATC, as plaintiff–appellant, appeals from the December 4, 1979 order of the district court directing that final judgment under Rule 54(b) of the Federal Rules of Civil Procedure be entered in favor of ICP and against GATC on the issue of the arbitrability of the dispute. In Appeal No. 79–2490, GATC, as defendant–appellant,

---

* The Honorable John Powers Crowley, Judge of the United States District Court for the North-ern District of Illinois, is sitting by designation.

appeals from the November 5, 1979 order of the district court denying its motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure and declaring that the judgment in question was valid and enforceable. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291. The sole issue presented for review is whether the district court was required, under the provisions of the United States Arbitration Act of 1925 (USAA), 9 U.S.C. § 1 *et seq.*, to hold a trial prior to ordering the parties to arbitration on the issue of the making of an agreement to arbitrate. We conclude that the district court erred in failing to conduct the trial contemplated under 9 U.S.C. § 4, and accordingly reverse the order appealed from in No. 79–2490 for the reason set forth below. We also conclude that the district court erred in directing entry of the judgment appealed from in No. 79–2489 and accordingly dismiss that appeal for the reasons set forth below.

I

On August 10, 1977, a contract was entered into between the parties, the terms of which provided for the sale by ICP to GATC of 660,000 pounds of $^{10}/_{12}$% natural cocoa powder at a price stated therein as being a ratio of 1.90 multiplied by the May 1978 bean option price. The agreement further provided for delivery F.O.B. Camden, New Jersey or Toronto, Canada during the period of March 1978 through June 1978, with the product to be shipped in fifty–pound bags and payment due net cash ten days. The ICP standard form contract also stated:

> Any dispute arising in connection with this contract shall be settled by arbitration in New York, in accordance with the rules and regulations of the Cocoa Merchants Association of America, Inc.

Contract dated August 20, 1977.

Subsequent to the execution of this contract, the parties entered into various oral and written negotiations concerning proposed modifications of the terms of the agreement. On April 17, 1978, ICP advised GATC that the delivery periods would be rescheduled, apparently at the request of GATC, and that the price ratios and concomitant bean option prices would be changed as follows:

> 165,000 lbs. June/July at 1.95 × July, 1978
>
> 165,000 lbs. August/September at 1.99 × September, 1978
>
> 165,000 lbs. October/December at 2.07 × December, 1978
>
> 165,000 lbs. January/March at 2.14 × March, 1979.

ICP letter to GATC dated April 17, 1978. During this period of negotiations GATC commenced an investigation regarding certain alleged irregularities in the purchase of cocoa contracts by its former purchasing agent from cocoa manufacturers and traders, including ICP.

On June 20, 1978, ICP confirmed in a letter to GATC an agreement to reschedule the delivery period to assist GATC in resolving its internal requirements for cocoa powder. Noting that ICP had been "somewhat generous in renegotiating" the August 20, 1977 contract, the letter recited the following terms as the basis for a new revised contract: (1) the quantity of cocoa purchased remained the same at 660,000 pounds; (2) the delivery period as revised in the April 17 letter was further revised to the period of January through June, 1979; (3) the price for the cocoa powder, as revised in the April 17 letter, was further revised to a ratio of 2.0 multiplied by the March 1979 bean option prices for 330,000 pounds and to a ratio of 2.0 multiplied by the May 1979 bean futures for the remaining 330,000 pounds of powder; and (4) the description of the product was changed from $^{10}/_{12}$% natural cocoa powder as stated in the original contract to one–half of the total quantity as natural low fat cocoa powder and as $^{10}/_{12}$% Red Dutch cocoa powder for the other half of the total quantity ordered. The letter concluded with the statement of ICP's Vice President for Sales: "I look forward to having your confirmation that this is acceptable and then we can

draw up a new revised contract." ICP letter to GATC dated June 20, 1977.

Additional conversations and correspondence were exchanged between the parties and on August 15, 1978, counsel for GATC wrote to counsel for ICP that, subject to ICP's representation that it was not involved in any way in the apparent irregularities discovered by GATC regarding the cocoa transactions of GATC's former agent, GATC confirmed the terms of the proposed revisions to the contract as expressed in ICP's letter of June 20, 1978. On September 6, 1978, ICP wrote to GATC that it was pleased that the problems concerning the August 20, 1977 contract had been resolved and enclosed a new contract for approval by GATC. The new contract, dated September 6, 1978, was signed by ICP and contained the revisions set forth in ICP's June 20 letter as well as the standard form arbitration clause noted above. This contract was never executed by GATC.

In January 1979, GATC refused to schedule delivery and in response to ICP's demand for arbitration filed a complaint on February 1, 1979 in the Superior Court for Marion County, Indiana, seeking a declaratory judgment that the original contract of August 10, 1977 was void. ICP removed the action to the United States District Court for the Southern District of Indiana.

On March 7, 1979, ICP filed a motion to stay proceedings and to compel arbitration, in which it asserted that the alleged agreement was subject to the United States Arbitration Act. On March 12, 1979, GATC filed its answer to the motion and an amended complaint in which it alleged that the documents forming the agreement between the parties did not provide for arbitration and that the agreement relied on by ICP was null and void. On March 19, 1979, the district court granted ICP's motion and issued an order staying further proceedings and directing GATC to proceed with arbitration in New York. On May 14, 1979, prior to the scheduled arbitration, this Court denied GATC's application for a stay pending appeal, noting the probable absence of jurisdiction because the order sought to be stayed was interlocutory and non–appealable.

The arbitration proceedings went forward, but GATC notified the arbitration board on May 15, 1979 that it had elected not to participate on the ground that no valid arbitration agreement existed and that the arbitration board accordingly lacked jurisdiction over GATC. An award was rendered in ICP's favor on May 25, 1979. On June 14, 1979, ICP sought confirmation of the award in United States District Court for the Southern District of New York. On July 5, 1979, this Court granted ICP's motion to dismiss GATC's appeal from the order compelling arbitration for lack of jurisdiction. On August 2, 1979, the New York district court entered judgment against GATC confirming the arbitration award.

After the time for appealing the New York judgment had expired, on September 19, 1979, ICP registered the judgment in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1963, and commenced a separate action in the district court to collect on the judgment. On October 11, 1979, GATC filed a motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, asserting that the district court had violated GATC's right to due process by denying its request for an evidentiary hearing under 9 U.S.C. § 4.

On November 5, 1979, the district court entered an order denying GATC's motion and concluded that the New York judgment was valid and enforceable. On December 3, 1979, GATC filed a notice of appeal seeking review in this Court of the November 5 order. On December 4, 1979, the district court, at the request of GATC and over the objection of ICP, entered an order finding for ICP and against GATC on the issue of arbitrability of the parties' disagreement and directing that final judgment be entered in favor of ICP and against GATC under Rule 54(b) of the Federal Rules of Civil Procedure. Appeal No. 79–2489 is before this Court from the final judgment entered on the December 4, 1979 order of

the district court, and Appeal No. 79–2490 is before this Court from the final judgment entered on the November 5, 1979 order of the district court.

## II

In Appeal No. 79–2489, GATC seeks reversal of the district court order granting final judgment in favor of ICP on the issue of arbitrability, contending that the district court order of March 19, 1979 directing the parties to arbitration in New York was void because it was entered without affording GATC an evidentiary trial on the issue of arbitrability as provided for under 9 U.S.C. § 4 and, irrespective of the failure to hold a trial, because such order exceeded the statutory authority granted to the district court under 9 U.S.C. § 4, which requires that the arbitration proceedings be conducted in the district in which the petition for an order directing such arbitration is filed.

In response to these contentions, ICP argues that Appeal No. 79–2489 is an impermissible attempt by GATC to circumvent this Court's prior determination that the district court's order to arbitrate was interlocutory and nonappealable, that the district court's ruling of November 5, 1979 in Appeal No. 79–2490 is *res judicata* of the issues raised in this appeal, and that this appeal is not properly before this Court because the district court lost its jurisdiction through the December 3 filing of a notice of appeal in Appeal No. 70–2490 and therefore lacked jurisdiction to make the December 4 Rule 54(b) entry on the same issues raised in Appeal No. 79–2489.

■ The predicate for the district court order of December 4, 1979, entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, is difficult to ascertain. When more than one claim for relief is presented in an action or when multiple parties are involved, Rule 54(b) permits the court to direct the entry of a final judgment as to one or more, but not all, of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed.R.Civ.P. 54(b).

However, Rule 54(b) entries are not to be made routinely or as an accommodation to counsel. *Schaefer v. First National Bank of Lincolnwood*, 465 F.2d 234, 235 (7th Cir. 1972) (*per curiam*). Moreover, as a general rule, district courts making such entries have been required to state specific reasons in support of their conclusion that an immediate appeal was necessary. *U. S. General, Inc. v. City of Joliet*, 598 F.2d 1050, 1051, n.1 (7th Cir. 1979). In this case, the district court entry simply incorporated verbatim its November 5, 1979 order denying GATC's motion for relief from the New York judgment, and directed that a final judgment be entered under Rule 54(b) in favor of ICP "on the issue of arbitration of the parties' disagreement."

■ We find the purported basis of this entry to be fatal to the success of Appeal No. 79–2489. In the first place, no "issue of arbitration" was before the district court for final decision in the original action. This Court had previously dismissed a prior interlocutory appeal by GATC attacking the March 19, 1979 order of the district court, in which the parties were directed to arbitration, on the ground that the order was non–appealable. Moreover, the arbitration had already occurred at the time of the Rule 54(b) entry. Second, the issues raised by the entry are identical to those decided in the November 5 order, as demonstrated by the wholesale incorporation of the November 5 opinion as the sole basis for the Rule 54(b) entry. As such, the November 5 order was *res judicata* of the issues GATC sought to have placed in the posture of a "final judgment" through the Rule 54(b) entry. Finally, since the notice of appeal from the November 5 order was filed on December 3 by GATC, the district court lacked jurisdiction to make the Rule 54(b) entry of December 4 on the same issues appealed from in the November 5 order. We therefore conclude that the district court erred in directing the entry of a final judgment under Rule 54(b) on the issue of arbitration, and accordingly dismiss the appeal of GATC in Appeal No. 79–2489.

## III

Appeal No. 79–2490 is an appeal from the district court order of November 5, 1979 denying GATC's motion, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from the New York confirmation judgment obtained by ICP. GATC contends that it is entitled to the relief requested pursuant to Rule 60(b) because the judgment was void on the grounds that the district court denied GATC its due process right to a trial prior to ordering arbitration, as prescribed in 9 U.S.C. § 4; that the district court exceeded its statutory authority in ordering arbitration in New York, contrary to 9 U.S.C. § 4 which requires the proceedings to be conducted in the district in which the petition to compel arbitration is filed; and that, assuming *arguendo* the order to arbitrate in New York and the arbitration award were valid, the New York district court judgment was void because under the terms of the arbitration agreement the only court having jurisdiction to confirm the award was the New York state court.

ICP contends that our review in this appeal is strictly limited by GATC's failure to show or allege any error in the district court's denial of the motion for relief from judgment other than the failure to hold an evidentiary hearing prior to arbitration. ICP further contends that review of this sole issue raised by GATC is foreclosed by principles of *res judicata*, by waiver, by Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201, 203, and by Section 12 of the United States Arbitration Act, 9 U.S.C. § 12.

Rule 60(b) of the Federal Rules of Civil Procedure provides that the court may, pursuant to an appropriate motion, relieve a party from a final judgment for the reason that the judgment is void. Fed.R.Civ.Pro. Rule 60(b)(5). In its motion for relief and memorandum in support thereof, GATC asserted *inter alia* that the New York judgment was void because no contract existed upon which an arbitration award could be confirmed. In denying the motion, the district court stated in pertinent part:

> The implied findings of this Court when it entered its order directing Great American to proceed with arbitration were that there was no issue as to the making of the agreement to arbitrate, that the agreement to arbitrate was not terminated or waived, but that in any event all of Great American's contentions of fraud in the inducement, termination and waiver, etc., were issues properly referable to arbitration. Therefore, a trial was not required under 9 U.S.C. § 4.

District Court Order dated November 5, 1979 at 2.

In general, the denial of a Rule 60(b) motion is reviewable only for abuse of discretion. *Virgin Islands Nat'l. Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974), *cert. denied*, 421 U.S. 906, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). We conclude that the district court abused its discretion in denying the motion because GATC had been improperly denied an evidentiary trial on the issue of the making of an agreement to arbitrate, as required under 9 U.S.C. § 4. In view of this conclusion, we find it unnecessary to address the remaining arguments advanced by the parties in support of their respective positions in this appeal.[1]

Section 4 of the USAA provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for

---

1. On the date oral argument was presented in these cases, ICP filed a motion to strike certain portions of GATC's reply brief relating to GATC's claim that the district court was without power under 9 U.S.C. § 4 to order arbitration to take place outside the district. *See* Circuit Rule 9(e). In view of our disposition of these appeals, we find it unnecessary to decide this motion.

in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. *If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.* If no jury trial be demanded by the party alleged to be in default, . . . the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may . . . demand a jury trial of such issue . . . If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

9 U.S.C. § 4 (emphasis supplied). Thus, under Section 4 of the USAA, the federal court is instructed to order arbitration to proceed once it is satisfied that "the making of the agreement for arbitration or the failure to comply [with the arbitration agreement] is not in issue." But if the existence of the agreement to arbitrate is in issue, the statute commands that the court "shall proceed summarily to the trial thereof." *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

In this case, it is evident from the pleadings filed on behalf of GATC throughout this litigation that the existence of a valid contract containing an agreement to arbitrate was in issue. GATC apparently conceded the existence of an August 20, 1977 contract between the parties which provided for arbitration of disputes arising in connection with that contract. It is true, of course, that GATC's contentions of fraud in the inducement, waiver, and termination of the August 20 contract generally were issues properly referable to arbitration. *Prima Paint, supra* at 403, 87 S.Ct. at 1805. But its contention that the negotiations subsequent to the execution of the August 20 contract constituted a novation of the contract raises the threshold issue of whether a contract and the making of an agreement to arbitrate existed with regard to the dispute between the parties. At every critical stage of the proceedings and consistent with its views as to waiver of jurisdiction, GATC asserted its entitlement to a trial under 9 U.S.C. § 4 to determine the issue of an agreement to arbitrate in light of documentary evidence indicating the absence of a contract governing the dispute between the parties. This issue has not been adjudicated by the district court as mandated by, and in the manner contemplated by, the statute. *Prima Paint, supra* at 403–404, 87 S.Ct. at 1805–06; *Commonwealth Edison v. Gulf Oil Corp.,* 541 F.2d 1263 (7th Cir. 1976). In our view, it must be so adjudicated, for if no arbitration agreement exists the arbitration award and judgment entered thereon is void and GATC's motion for relief from that judgment should have been granted.

Finally, we note with dismay that this litigation serves as a striking example of what the USAA was intended to avoid. The purpose of the USAA is to facilitate arbitration and to minimize the litigative obstructions to that process. What initially appeared to have been a relatively uncomplicated lawsuit has now escalated into an extraordinarily complex matter, which has consumed the resources of not only the parties, but also commanded a considerable amount of the attention of this Court and its sister courts. We are constrained to observe that the presentations made by the parties in this Court have not served well the issues raised here and it is perhaps for this reason that the determinative issue in

this appeal was obscured from the district court.

For the foregoing reasons, the appeal in No. 79–2489 is dismissed, and the appeal in No. 79–2490 is reversed and the cause is remanded with instructions to conduct a trial on the issue of the making of an arbitration agreement, as required under 9 U.S.C. § 4. We express no view, of course, as to the merits of the issue on remand. The Clerk of this Court is directed to enter judgment accordingly.

No. 79–2489 DISMISSED.

No. 79–2490 REVERSED and REMANDED WITH INSTRUCTIONS.