Wayne NEWTON *v.* MERCHANTS & FARMERS BANK OF DUMAS, ARKANSAS

CA 83-228                                     668 S.W.2d 51

Court of Appeals of Arkansas
Division II
Opinion delivered April 25, 1984

*Chambers & Chambers,* for appellant.

*Gill & Johnson,* by: *Marion S. Gill,* for appellee.

TOM GLAZE, Judge. This is an appeal from a judgment

in favor of appellee, Merchants and Farmers Bank, on an assignment to it of the right to receive payment for work done on a plumbing subcontract. We affirm.

Appellant, Wayne Newton, is a general contractor. He had a contract to construct an addition to the Delta Lodge Motel, owned by Aubrey Mitcherson, in Dumas. Newton subcontracted plumbing work to be done in the addition to Kenneth Rogers, d/b/a Ken Rogers Plumbing. Rogers agreed to do the work for $22,100, to be paid in three installments, to begin after the job was "roughed in." After receiving the subcontract, Rogers borrowed $15,500 from the Merchants and Farmers Bank to have cash ready to meet expenses due before the first installment was paid. To obtain the loan, Rogers signed a consumer note and security agreement with the bank. To secure the loan further, the bank required Rogers to assign his subcontract on the Delta Lodge job to the bank.

On February 11, 1981, Merchants and Farmers Bank sent Newton a letter giving him notice of the assignment by Rogers. In the letter, the bank, in order to protect its interest under the loan to Rogers, requested Newton to make all checks payable to it *and* Ken Rogers Plumbing. Five days earlier, on February 6, Newton had sent the bank a letter informing it of his knowledge of the assignment. With regard to naming the bank as co-payee, the letter stated, "This letter is to inform you that we will issue payments jointly to Mr. Rogers and Merchants and Farmers Bank as per his request." Prior to this correspondence between the parties, Rogers and Newton discussed naming the bank as co-payee on the installment checks. Newton told Rogers that he would make out the checks for payment of the plumbing work to him and the bank.

On March 2, 1981, Newton wrote a check to Rogers for $7,085 — $6,700 for work done on Delta Lodge and the balance for related expenses. Newton did not name the bank as co-payee on the check. The trial testimony is unclear as to exactly why Newton left the bank off the check, but, apparently, Newton and Rogers agreed, "It would be alright" to make the check out to Rogers alone. Rogers paid

his general operating expenses for the Delta Lodge job, but did not pay his matrialman, Southern Pipe and Supply Company, which had supplied him with the plumbing fixtures. Rogers completed the job in May, 1981, but Newton never paid the balance due under the subcontract. Newton admitted Rogers had completed the job and had done good work.

Rogers went into default on the bank loan on June 11, 1981. In July, 1981, Southern Pipe obtained a materialman's lien on Mr. Mitcherson's property, Delta Lodge Motel. The bank filed suit against Newton and Rogers to collect on the note and won a judgment against them for the principal amount, $15,000, and interest.

On appeal, appellant raises several points. The only argument we need address is appellant's contention that Rogers delegated to the bank his duty to pay Southern Pipe for the plumbing fixtures as well as his right to receive payments under the subcontract. Appellant bases his contention on the language contained in the consumer note and security agreement and the February 11 letter signed by Rogers to secure his loan from the bank. First, the consumer note and security agreement provided:

> I [Ken Rogers] own the property described below. To protect the Bank I give what is known as a security interest (like a mortgage) in my: Assignment of Contract on Delta Lodge — From Wayne Newton Const. Co.

Next, Rogers also signed the letter of February 11, in which he said:

> I, Kenneth Rogers, D/B/A Ken Rogers Plumbing Co., hereby assigns [sic], set over and deliver to Merchants and Farmers Bank of Dumas, Arkansas, a certain subcontract between Wayne Newton Construction Company of Magnolia, Arkansas and Delta Lodge Motel, in the amount of $22,100, dated February 11, 1981.

In support of his contention, appellant cites *Pemberton* v. *Arkansas State Highway Commission,* 268 Ark. 929, 597

S.W.2d 605 (Ark. App. 1980), a case interpreting Ark. Stat. Ann. § 85-2-210(4) (Add. 1961). However, Ark. Stat. Ann. § 85-2-102 (Add. 1961) limits the application of § 85-2-210 to contracts involving the sale of goods. Here, the underlying contract between Newton and Rogers does not involve the sale of goods, thus § 85-2-210(4) is simply not applicable. Nevertheless, the general contract law of assignments on this issue is on point and is substantially the same as § 85-2-210(4). The Restatement of Contracts section 328, subsection 1, states:

> Unless the language or the circumstances indicate the contrary, as in an assignment for security, an assignment of "the contract" or of "all my rights under the contract" or an assignment in similar general terms is an assignment of the assignor's rights and a delegation of his unperformed duties under the contract.

Restatement (Second) of Contracts § 328(1) (1979).

In applying the foregoing rule to the facts at bar, we observe that the language of the consumer note and security agreement Rogers signed to get the loan from the bank describes the assignment as a "security interest" to secure the $15,500 loan. In addition, the bank's letter of February 11 to Newton formally notified Newton that the assignment of Rogers' subcontract was to secure the loan. Furthermore, the record is replete with testimony indicating Newton was well aware that Rogers assigned his right to payments for the plumbing work to the bank to obtain the capital necessary to start the job. On the other hand, there is no evidence showing the bank intended to perform Rogers' duties under the contract. In fact, the most convincing evidence of Rogers' *nondelegation* of his duty to pay Southern Pipe is Newton's omission of the bank as payee on the initial check to Rogers for $7,085. In brief, if Newton had believed then, as he asserts now, that the bank was responsible for paying Southern Pipe, he surely would have included the bank as payee on the check.

From the forgoing, we conclude that Rogers assigned his right to payments on his subcontract with Newton, and such assignment did not delegate to the bank his duty to pay

Southern Pipe. We make no finding regarding which party owed Southern Pipe except that the bank does not. Clearly, Newton's initial partial payment to Rogers is in no way a defense to the bank's claim. *See Wimberly Grocery Co.* v. *Border City Broom Co.,* 166 Ark. 570, 266 S.W. 2d 679 (1924) (wherein the Supreme Court held payment to the assignor, or discharge or release by him after notice to the debtor of the assignment, is no defense to the claim of the assignee). Because Newton admitted the justness of his debt to Rogers and because the validity of the assignment of the debt to the bank is not questioned, we agree with the circuit judge that Newton and Rogers are indebted to the bank. *See generally* Ark. Stat. Ann. § 68-805 (Repl. 1979).

Affirmed.

MAYFIELD, C.J., and CLONINGER, J., agree.