600 A.2d 1170

PETALS FACTORY OUTLET OF DELAWARE, INC., et al.

v.

EWH & ASSOCIATES.

No. 488, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Feb. 4, 1992.

David B. Hamilton (John H. West, III, Randall L. Hagen and Ober, Kaler, Grimes & Shriver on the brief), Baltimore, for appellants.

Sharon K. Tucker (Susan T. Ford and Council, Baradel, Kosmerl & Nolan, P.A. on the brief), Annapolis, for appellee.

Argued Before BISHOP, WENNER, and DAVIS, JJ.

WENNER, Judge.

In his 1982 State of the Judiciary Address, Chief Justice Warren Burger called for an increased use of arbitration to curb what he called the "litigation explosion." Comment, *The Scope of Modern Arbitration Awards*, 62 Tul.L.Rev. 1113 (1988) (quoting the State of the Judiciary Address by Chief Justice Burger, reprinted in 109 N.J.L.J., Feb. 4, 1982 at 1, col. 4). As Chief Justice Burger put it:

> We must now use the inventiveness, the ingenuity and the resourcefulness that have long characterized the American business and legal community, to shape new tools.... Against this background I focus today on arbitration, not as the answer or cure-all for the mushrooming case loads of the courts, but as one example of "a better way to do it."

*Id.* at 1113–14.

Although we agree with former Chief Justice Burger that arbitration may be "a better way to do it," *Id.* at 1114, absent a statute or rule having the force of law, arbitration may only be forced upon those who voluntarily agree to arbitrate. When, however, as in the case *sub judice*, one of the parties contends that there has been a novation of an agreement, within which there is an agreement to arbitrate, the resolution of such a contention is a threshold question for the circuit court.

## PROCEDURAL BACKGROUND

Before us is an appeal from a grant of summary judgment[1] in favor of appellee, EWH & Associates. Appellee had petitioned the Circuit Court for Queen Anne's County to order that appellant, Petals Factory Outlet of Delaware, Inc. (Petals), submit to arbitration as required by a lease between them. According to appellant, there had been a novation of the lease, completely releasing appellant from the lease. On the other hand, appellee denied there had

---

1. Md.Rule 2–501.

been a novation of the lease and contended that resolution of the question of whether a novation had occurred should be determined by the arbitrator, not by the court. After considering motions of the parties and argument of counsel, the circuit court granted summary judgment in favor of appellee, compelling appellant to submit to arbitration.

As we believe that whether a novation had occurred, relieving appellant from the lease, is a threshold question to be decided by the court, we shall reverse the judgment of the circuit court.

## FACTS

A lease was entered into between appellant and appellee. By the terms of section 8(E) of the lease, appellant was permitted to "assign the ... lease to a subsidiary known as [Artificial Flowers Outlet of Maryland, Inc. (Artificial Flowers) [2]], and at the time of the assignment, the tenant named hereunder, [appellant] shall have no further responsibility." Appellant subsequently assigned the lease to Artificial Flowers. Thereafter, a dispute arose between Artificial Flowers and appellee.

The lease contained an arbitration clause which provided in pertinent part:

14. *Arbitration.* In the event of a dispute between Landlord and Tenant arising out of or in connection with any of the provisions of this Lease ... such dispute shall be arbitrated....

## ISSUES PRESENTED

Upon appeal, appellant presents us with the following issues:

---

**2.** Section 8(E) of the lease permitted appellant to assign the lease to Petals Factory Outlet of *Maryland,* Inc. On September 27, 1989, Petals Factory Outlet of *Maryland,* Inc. changed its name to Artificial Flowers Outlet of Maryland, Inc.

I. Whether the trial court erroneously granted summary judgment by failing to determine a threshold issue to the existence of an arbitration agreement between Petals and EWH.

II. Whether the trial court erroneously granted summary judgment where the parties dispute the validity of the assignment between Petals and Artificial Flowers.

III. Whether the trial court abused its discretion in granting summary judgment before Petals could conduct meaningful discovery.

As our response to issue I. is dispositive, we need not answer issues II. and III. For reasons we will explain, we shall reverse the judgment of the circuit court.

### A.

Under the Maryland Uniform Arbitration Act,[3] "an agreement providing for arbitration ... confers jurisdiction on a court to enforce the agreement and enter judgment on an arbitration award."[4] Nevertheless, in an appropriate case, a circuit court may order or stay arbitration and determine whether there is an agreement to arbitrate a particular dispute. *Crown Oil & Wax Co. of Del., Inc. v. Glen Constr. Co. of Va., Inc.,* 320 Md. 546, 578 A.2d 1184 (1990); *see also Messersmith, Inc. v. Barclay Townhouse Assocs.,* 313 Md. 652, 547 A.2d 1048 (1988); *Bel Pre Medical Ctr., Inc. v. Frederick Contractors Inc.,* 21 Md.App. 307, 320 A.2d 558 (1974). Under § 3-207(c) of the Act, "if a court determines that the agreement exists, it shall order arbitration."

When called upon to review the award of an arbitrator, the court "shall not vacate the award or refuse to confirm

---

**3.** Md.Code Ann., Cts. & Jud.Proc. §§ 3-201 to 3-234 (1989) (hereinafter "the Act").

**4.** *Id.* at § 3-202.

the award on the ground that a court of law or equity could not or would not grant the same relief." *Id.* at § 3–224(c).

When, as here, appellant contends that a lease between appellant and appellee no longer exists because a novation had occurred, that contention must first be resolved by the court, as the existence of a lease between appellant and appellee is a prerequisite to appellant being required to arbitrate. As we said in *Mayor & City Council of Baltimore v. Baltimore City Fire Fighters, Local 734*, 49 Md.App. 60, 430 A.2d 99 (1981) "[w]here the parties are ... in disagreement on the very question whether there exists an agreement to arbitrate the subject matter of the dispute, the resolution of that question is for the court...." *Id.* at 65–66, 430 A.2d 99.

We turn now to the issue before us. That is, whether there had been a novation of the lease between appellant and appellee, relieving appellant from any obligation whatever under the lease. As we see it, this is precisely the type "threshold issue" to be resolved by the court before referring the case to the arbitrator. Our conclusion is a natural extension of prior Maryland case law. *See Crown Oil, Messersmith, supra.*

Our conclusion is also consistent with the cases of our sister states. For example, *Goebel v. Blocks & Marbles Brand Toys, Inc.*, 568 N.E.2d 552, 557 (Ind.App.1991) ("A question whether there has been a novation of a contract is ... a 'threshold issue of whether a contract and the making of an agreement to arbitrate exists with regard to the dispute between the parties,' [citing *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1288 (7th Cir.1980) ]. Thus, a contention that there has been a novation of a contract is for a court to decide."); *DiPinio v. Henry Ford Hosp.*, 109 Mich.App. 243, 311 N.W.2d 754 (1981) ("The issue of whether plaintiffs have the power to make timely revocation of the [contract] goes directly to the determination of whether or not there is a valid agreement to arbitrate. [Citation omitted.] We find that the circuit

court has jurisdiction to decide such preliminary matters."). Moreover, our conclusion is also consistent with similar cases under the Federal Arbitration Act,[5] *see Peters Fabrics, Inc. v. Jantzen, Inc.,* 582 F.Supp. 1287, 1291 (S.D.N.Y. 1984) ("It is well settled that the existence or non-existence of an agreement to arbitrate is properly a matter to be resolved by the court."); *First Citizens Mun. Corp. v. Pershing Div. of Donaldson, Lufkin & Jenrette Sec. Corp.,* 546 F.Supp. 884, 887 (N.D.Ga.1982) (citing *In Re Kinoshita & Co.,* 287 F.2d 951, 953 (2d Cir.1961)) ("When . . . a claim is made that there is no underlying contractual relationship between the parties at all, this court must resolve this issue first, because the existence of a contractual relationship is a necessary prerequisite to a finding that there was an agreement to arbitrate.").

 All of this, of course, does not overlook the purpose of arbitration. Arbitration affords a faster and more inexpensive method of resolving disputes, although only when an executory agreement to arbitrate exists. *Gold Coast Mall, Inc. v. Larmar Corp.,* 298 Md. 96, 103, 468 A.2d 91 (1983).

### B.

As the somewhat inartful use of the terms assignment, delegation and novation, may, upon remand, make it somewhat difficult for the circuit court to ascertain whether appellant intended an assignment, a delegation, or to create a novation, we shall assist the circuit court by clarifying these often misused terms.

 Under current Maryland law, an assignment creates only an assignment of rights. For there to be a delegation of duties, "the assignee must *expressly assume* these duties, there being no implication of assumption by [a] mere assignment." *Pumphrey v. Kehoe,* 261 Md. 496, 276 A.2d 194 (1971) (citing *East Velado Corp. v. E.S. Adkins &*

---

5. 9 U.S.C.S. §§ 1–16 (Law.Co-op.1987 & Supp.1991).

*Co.,* 157 Md. 416, 146 A. 385 (1929); Williston on Contracts § 418A, at p. 109 (3rd ed. 1960)). A more contemporary view is that an assignment is not merely an assignment of rights, but also a delegation and assumption of duties by another. *Newton v. Merchants & Farmers Bank of Dumas,* 11 Ark.App. 167, 668 S.W.2d 51 (1984); *Rose v. Vulcan Materials Co.,* 282 N.C. 643, 194 S.E.2d 521 (1973). All that is required for an assignment is that the assignor intended to assign. An assignment may be oral[6] or in writing.[7] If it is in writing, an assignment ordinarily will be honored, unless it is an illegal assignment.

 On the other hand, by delegation, one having an obligation under a contract has another perform its obligation. To put it more simply, an assignment is a transfer of one's rights, while a delegation is the selection of another to perform one's duties.

 An important distinction between an assignment, a delegation, and a novation is whether one of the original parties remains obligated under a contract. A novation may, by agreement of all parties, substitute a new party and discharge one of the original parties to a contract. *See* Black's Law Dictionary 1064 (6th ed. 1990). Unfortunately, as we have said, the words assignment, delegation and novation have often been used interchangeably, thus creating uncertainty in their meaning.

In any event, inasmuch as the dispute in the instant case constitutes a "threshold question" to be determined by the circuit court rather than by the arbitrator, we shall reverse the judgment of the circuit court and remand the case to that court for further proceedings consistent with this opinion.

---

**6.** *Spiker v. Nydegger,* 30 Md. 315 (1868).

**7.** *Maryland Co-op. Milk Producers v. Bell,* 206 Md. 168, 110 A.2d 661 (1955).

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEES.